UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUDITH LEITERMANN,
individually and on behalf of all others similarly situated,

    Plaintiff,

  v.                                  Case No.  21-CV-887-NJ

FOREFRONT DERMATOLOGY, S.C. and
FOREFRONT MANAGEMENT, LLC,

    Defendants.
and

LYNN ANDERSON,
individually and on behalf of all others similarly situated,

    Plaintiff,

  v.                                  Case No. 21-CV-891-WED

FOREFRONT DERMATOLOGY, S.C. and
FOREFRONT MANAGEMENT, LLC,

    Defendants.

## ORDER ON PLAINTIFFS' UNOPPOSED
## MOTION TO CONSOLIDATE

The Plaintiffs in two related cases—Plaintiff Judith Leitermann *in Leitermann, et al. v. Forefront Dermatology, S.C., et al.*, Case No. 21-CV-887-NJ ("Leitermann"), filed July 28, 2021, and pending before this Court; and Plaintiff Lynn Anderson *in Anderson, et al. v. Forefront Dermatology, S.C., et al.*, Case No. 21-CV-891-WED ("Anderson"), filed July 29, 2021, and also pending before this Court (collectively, "Plaintiffs")—by and through their undersigned counsel, have moved the Court to consolidate the above-captioned actions, as well as any

subsequently filed or transferred related actions, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"). Although defendants oppose the allegations in the pending complaints, they do not oppose consolidation of the Related Actions. (Docket # 9 at 2 in Case No. 21-CV-887.) For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that a court, in its discretion, may consolidate actions if they "involve a common question of law or fact." *See also King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (reviewing district court's decision to consolidate for abuse of discretion). Common questions of law or fact need not predominate, but there must be at least one. *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. 2008) ("Consolidation must be denied if there is no common question of law or fact tying the cases together."). "A common question is one that must be answered identically in each case in which it is presented." *Brown v. Friedal*, Nos. 18-CV-1777, 18-CV-1910, 18-CV-1913, 2019 WL 913591, at *1 (E.D. Wis. Feb. 25, 2019). A court may consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results, as well as any potential prejudice such as the possibility of juror confusion or administrative difficulties. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citing 8 James Wm. Moore, *Moore's Federal Practice* §§ 42.10[4][a], 42.10[5] (3d ed. 2008)).

## ANALYSIS

Common questions of law and fact predominate in these cases. Both lawsuits stem from the same nucleus of operative facts—an alleged data breach impacting Forefront that

allegedly exposed confidential and sensitive personally identifying information of approximately 2.4 million people. (Docket # 9 at 2 in Case No. 21-CV-887.) Both actions assert similar causes of action, define overlapping classes, and seek similar remedies against common defendants. (*Id.* at 2–3.) Thus, consolidation of these cases will be more efficient for the parties and the court, and will avoid inconsistent results.

Plaintiffs also move, however, to consolidate any future similar actions alleging claims relating to the alleged Forefront data breach. (*Id.* at 6.) Because Rule 42(a) requires an analysis of whether consolidation is proper, I cannot order consolidation of future, hypothetical cases. Thus, should the parties wish to consolidate cases filed in the future, a proper motion complying with Rule 42(a) must be filed.

For these reasons, Plaintiffs' motion to consolidate is granted in part. Pursuant to Eastern District of Wisconsin Civil Local Rule 42(b), Case Number 21-CV-887 and Case Number 21-CV-891 will be consolidated under Case Number 20-CV-887.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' motion to consolidate (Case No. 21-CV-887, Docket # 9; Case No. 21-CV-891, Docket # 10) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Case No. 21-CV-891 is consolidated under Case No. 21-CV-887. All future filings related to Case No. 21-CV-891 must be filed in Case No. 21-CV-887.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Consolidated Amended Complaint no later than thirty (30) days following the entry of an order appointing interim class counsel or other designated counsel.

Any response to the Consolidated Amended Complaint shall be due within thirty (30) days from the filing of the Consolidated Amended Complaint. All prior response deadlines are vacated. Should Defendants intend to file one or more motions to dismiss, the Parties will comply with the Local Rules with the following clarifications and/or adjustments:

a. Any opposition to a motion to dismiss shall be filed and served within thirty (30) days of the filing of the motion to dismiss; and

b. Any reply brief shall be filed and served within fourteen (14) days of the opposition.

Dated at Milwaukee, Wisconsin this 19th day of August, 2021.

BY THE COURT

*[signature: Nancy Joseph]*
NANCY JOSEPH
United States Magistrate Judge