# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| JUDITH LEITERMANN, on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>FOREFRONT DERMATOLOGY, S.C. and FOREFRONT MANAGEMENT, LLC<br><br>　　Defendants. | Case No.: 1:21-cv-887-NJ |
| LYNN ANDERSON, on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>FOREFRONT DERMATOLOGY, S.C. and FOREFRONT MANAGEMENT, LLC<br><br>　　Defendants. | Case No.: 1:21-cv-891-WED |
| MILANE E. KUNZELMANN, on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>FOREFRONT DERMATOLOGY, S.C. and FOREFRONT MANAGEMENT, LLC<br><br>　　Defendants. | Case No.: 1:21-cv-980-NJ |

| | |
|---|---|
| JEANETTE ALONSO, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>              v.<br><br>FOREFRONT DERMATOLOGY, S.C. and FOREFRONT MANAGEMENT, LLC<br><br>    Defendants. | Case No.: 1:21-cv-1105-LA |

## MOTION TO CONSOLIDATE CASES

Plaintiff Jeanette Alonso in the above-captioned matter *Alonso v. Forefront Dermatology, S.C., et al.*, No. 1:21-cv-1105-LA ("*Alonso*") hereby moves the Court for an order consolidating, pursuant to Federal Rule of Civil Procedure 42(a), the above-captioned Related Actions concerning the Forefront Dermatology data breach*, Leitermann v. Forefront Dermatology, S.C., et al.*, No. 1:21-cv-887-NJ ("*Leitermann*"), *Anderson v. Forefront Dermatology, S.C., et al.*, No. 1:21-cv-891-WED ("*Anderson*"), and *Kunzelmann v. Forefront Dermatology, S.C., et al.*, No. 1:21-cv-980-NJ ("*Kunzelmann*") (collectively the "Related Actions," or "*In re Forefront Data Breach Litigation*").

The Court previously ordered the consolidation of *Leitermann*, *Anderson*, and *Kunzelmann* under Eastern District of Wisconsin Civil Local Rule 42(b), under Master File No. 1:21-CV-887-LA.  *See* 21-cv-887, Dkt. 20, *Order on Motion to Consolidate Cases*.  Plaintiff now moves for the additional consolidation of *Alonso* with *Leitermann*, *Anderson* and *Kunzelmann* under Federal Rule of Civil Procedure 42(a).  This motion is based on the accompanying Memorandum of Law; the Proposed Order submitted herewith; and any other matter the Court may wish to consider.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 42(a), Plaintiff Jeanette Alonso ("Plaintiff") respectfully moves this Court for an order consolidating the Related Actions, all of which arise from the same common set of facts. A data breach impacting Forefront exposed confidential and personally identifying information of approximately 2.4 million people, including the Plaintiff and *Leitermann*, *Anderson*, and *Kunzelmann*. The Related Actions involve the same set of facts and assert similar causes of action against common defendants. The Court should consolidate the Related Actions to avoid unnecessary duplication of efforts in related cases and promote judicial economy.

## BACKGROUND

Forefront Dermatology is a Wisconsin-based dermatology practice group that holds itself out as one of the nation's largest physician-led and operated dermatology group practices. Between May 28 and June 4, 2021, hackers gained access to Forefront's information technology (IT) systems and encrypted troves of highly sensitive files, demanding a ransom in exchange for the decryption keys (the "Data Breach"). The information accessed included Forefront employees' full names, home addresses, and social security numbers, and Forefront patients' full names, home addresses, dates of birth, patient account numbers, health insurance plan member ID numbers, medical record numbers, dates of service, provider names, and medical and clinical treatment information (collectively, "PII"). After Forefront failed to meet the hackers' demands, the data was exfiltrated and portions were posted to a dark web website associated with a well-known ransomware group known as "Cuba Ransomware," where it is available for anyone to download.

Despite notifying more than 2.4 million people that their PII was exposed, Forefront has attempted to downplay the severity of the breach by withholding key details surrounding the Data

Breach, including the nature of the attack, the identity of the hackers, and the fact that stolen data is available for download and purchase on underground websites.

Forefront Dermatology failed to secure its databases containing massive amounts of PII, failed to detect the hackers' presence, and failed to take any steps to investigate the numerous other red flags that should have warned the company that its systems were not secure. As a result of Forefront Dermatology's failure to protect the information it was entrusted to safeguard, Plaintiff and class members did not receive the benefit of their bargain with Forefront and now face a significant risk of medical-related identity theft and fraud, financial fraud, and other identity-related fraud now and into the indefinite future.

## ARGUMENT

### I. Legal Standard

Under Rule 42(a) of the Federal Rules of Civil Procedure, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42 is designed to encourage consolidation where a common question of law or fact is present." *Bradley v. Soo Line R. Co., 88 F.R.D. 307, 309* (E.D. Wis. 1980) (citations omitted). In deciding whether to consolidate cases, courts "encourage such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)).

"When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citing *Fleishman v. Prudential–Bache Sec., Inc.*, 103 F.R.D. 623, 624–25 (E.D.Wis.1984); 9A Wright & Miller, supra, § 2383).

Courts will consider "such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results." *Id.*

## II. Consolidation of the Related Actions

The Related Actions arise from substantially the same transaction or events, and involve substantially the same parties or property. The Related Actions assert multiple common causes of action against the common Forefront Defendants relating to the same set of circumstances, and seek the same relief in response to the same Data Breach. The Court should therefore consolidate the Related Actions to ensure judicial economy and preserve party resources.

The Court previously granted consolidation of Leitermann and Anderson, and later consolidation of Kunzelmann for these same reasons. *See* 21-cv-887, Dkt. #11, #20, *Order on Motion to Consolidate Cases*. The present *Alonso* case contains allegations related to the same Data Breach, and consolidation will further simplify discovery, pretrial motions, class certification issues, and other case management issues. The cases under *In re Forefront Data Breach Litigation* are also in the beginning stages of litigation, and consolidation is therefore appropriate and will reduce the confusion and delay that may result from prosecuting related putative class actions separately. Consolidation will foster judicial economy and will not prejudice any party. Accordingly, Plaintiff requests that the Court consolidate *Alonso* with the Related Actions under Master File No. 1:21-cv-00887-LA, *In re Forefront Dermatology Data Breach Litigation*. Plaintiff does not propose any changes to the schedule previously entered by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that *Alonso* be consolidated with *Leitermann*, *Anderson*, and *Kunzelmann* in 21-CV-887 in *In re Forefront Data Breach Litigation* pursuant to Rule 42(a)*,* as each of the Related Actions involve the same set of facts and assert

similar cause of action against common defendants.

Date: September 24, 2021

Respectfully submitted,

Attorneys for the Plaintiff Jeanette Alonso

/s/ *Shauna D. Manion*
K. Scott Wagner (Bar No. 1004668)
Shauna D. Manion (Bar No. 1091704)
MALLERY, S.C.
31 North Jackson Street, Suite 900
Milwaukee Wisconsin 53202
Telephone: (414) 727-6270
swagner@mallerysc.com

Jason S. Hartley*
Jason M. Lindner*
Fatima G. Brizuela*
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, CA 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com
brizuela@hartleyllp.com
*Pro Hac Vice forthcoming

Vincent J. Esades*
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
(612) 338-4605
vesades@heinsmills.com
*Pro Hac Vice forthcoming