UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE FOREFRONT DATA BREACH LITIGATION<br><br>This Document Relates to: ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>)<br>) Master File No. 1:21-cv-00887-LA<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

The Court having held a Preliminary Approval Hearing on _____ \_\_, 2022, at _____ \_.m., in the Courtroom of The Honorable Lynn Adelman, United States District Court for the Eastern District of Wisconsin (Green Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin 54301-4541, and having considered all matters submitted to it at the Preliminary Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Preliminary Approval of Class Action Settlement (this "Order") and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**<u>PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT</u>**

1. The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") as Exhibit 1 is incorporated fully

herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2. The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Judith Leitermann, Lynn Anderson, and Milan E. Kunzelmann, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendants Forefront Dermatology, S.C. and Forefront Management LLC ("Forefront" or "Defendants" and together with Plaintiffs, the "Parties").

3. This Order is based on Federal Rules of Civil Procedure 23 ("Rule 23").

4. The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiffs' Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members, pursuant to Rule 23(e).

## **PROCEDURAL HISTORY**

5. This case involves a putative class action against Forefront relating to a Ransomware Attack that potentially allowed an unauthorized actor to access the Personal Information of approximately 2,413,552 of Forefront's patients, employees, employee beneficiaries, and other individuals from May 28, 2021 to June 4, 2021. Forefront detected the intrusion on June 4, 2022 and announced the Ransomware Attack in a Notice of Data Breach sent to customers on June 24, 2021.

6. On July 28, 2021, Plaintiff Leitermann filed her Complaint alleging, among other things, that Forefront failed to take adequate measures to protect her and other putative Class Members' Personal Information and failed to disclose that Forefront's systems were susceptible to a cyberattack. ECF No. 1. On July 29, 2021, Plaintiff Anderson filed suit against Forefront

2

Case 1:21-cv-00887-LA   Filed 09/01/22   Page 2 of 17   Document 56-1

related to the Ransomware Attack. S*ee Anderson v. Forefront Dermatology, S.C., et al.*, No. 1:21-cv-00891, ECF No. 1. On August 17, 2021, Plaintiffs Leitermann and Anderson moved to consolidate the actions under Federal Rule of Civil Procedure 42(a), and the Court granted that motion on August 19, 2022. ECF Nos. 9, 11. *See* Fed. R. Civ. P. 42(a). That same day, on August 19, 2021, Plaintiff Kunzelmann filed a class action complaint against Forefront. *See Kunzelmann v. Forefront Dermatology SC et al*, Case No. 1:21-CV-00980, ECF No. 1. Plaintiffs Leitermann, Anderson, and Kunzelman thereafter moved to consolidate their cases[1] on September 7, 2021, and the motion was granted by the Court on September 21, 2021. ECF Nos. 19, 20.

7. On September 21, 2021, Jeanette Alonso filed a putative class action complaint against Forefront,[2] and, on November 11, 2021, she moved to consolidate her case with the Related Actions and simultaneously moved the Court to appoint her counsel as interim lead counsel. ECF Nos. 21, 22. Plaintiffs in the Related Actions and Forefront opposed the respective motions, and the Court ordered the *Alonso* action consolidated with the instant case but denied Alonso's motion to appoint interim lead counsel. ECF Nos. 31, 33. On January 27, 2022, the Court appointed Gary M. Klinger and Tina Wolfson as interim lead counsel ("Class Counsel"). ECF No. 34. Plaintiffs Leitermann, Anderson, and Kunzelmann filed their Consolidated Class Action Complaint ("Consolidated Complaint" or "*Comp.*") on February 28, 2022. ECF No. 35.

8. The Consolidated Complaint alleges that Plaintiffs' Private Information was compromised during the Ransomware Attack, including patient names, addresses, dates of birth, patient account numbers, health insurance plan member identification numbers, medical record

---

[1] Hereinafter the "Related Actions."

[2] *See Alonso v. Forefront Dermatology SC et al*, Case No. 1:21-CV-01105, ECF No. 1.

numbers, dates of service, accession numbers, provider names, and/or medical and clinical treatment information. Comp., ¶ 50.

9. The Complaint alleges five causes of action: (1) Negligence; (2) Breach of Implied Contract; (3) Unjust Enrichment; (4) Breach of Fiduciary Duty; and (5) Breach of Confidence.

## SETTLEMENT BENEFITS

10. The Settlement negotiated on behalf of the Class provides for a $3,750,000 non-reversionary Settlement Fund. Settlement Class Members may qualify and submit a Claim Form for a proportional share of the following Settlement Benefits:

   a. <u>Credit Monitoring and Insurance Services</u>: Each Settlement Class Member is eligible to submit a claim for two (2) years of three-bureau credit monitoring and up to $1,000,000 of insurance coverage for identity theft incidents. The Credit Monitoring and Insurance Services ("CMIS") option will include credit monitoring, fraud consultation, and identity theft restoration services.

   b. <u>Documented Loss Payment</u>: Each Settlement Class Member is eligible to submit a claim for up to $10,000 in documented losses, called a Documented Loss Payment. To do so, Settlement Class Members must submit: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Class Member fails to cure his or her claim, the claim will be rejected.

c. <u>Lost Time Payment</u>: Each Settlement Class Member is eligible to submit a claim for lost time related to their efforts undertaken to prevent or mitigate fraud and identity theft following the announcement of the Ransomware Attack, called a Lost Time Payment. Settlement Class Members may claim up to five (5) hours of lost time at a rate of $25 per hour, for a maximum of $125. A Settlement Class Member who submits a Lost Time Payment claim will be required to provide a brief narrative of the nature of the lost time and other mitigation efforts for which payment is being sought.

d. <u>Cash Fund Payment</u>: ***In the alternative to all the foregoing settlement benefits***, Settlement Class Members may instead elect to receive a Cash Fund Payment. Settlement Class Members who submit a Claim for a Cash Fund Payment will not be entitled to select the CMIS, Documented Loss Payment, or Lost Time Payment benefits.

e. In addition to monetary benefits, Forefront will implement data security measures and enhancements to help better protect Plaintiffs' and Settlement Class Members' Private Information.

11. To calculate the pro rata share for each benefit, the Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. If Settlement Funds remain after paying for claims for CMIS, the Settlement Administrator will use the remaining Settlement Fund to pay Documented Loss Payments and Lost Time Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments, Lost Time Payments, and CMIS

5
Case 1:21-cv-00887-LA   Filed 09/01/22   Page 5 of 17   Document 56-1

payments are made shall be referred to as the "Post DC Net Settlement Fund." If any funds remain in the Post DC Net Settlement Fund, those funds will be distributed on a pro rata basis to Settlement Class Members who make claims for the alternative Cash Fund Payment. The amount of each Cash Fund Payment shall be calculated by dividing the Post DC Net Settlement Fund by the number of valid claims submitted. In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. In such an event, no Net Settlement Funds will be distributed to Claimants for Approved Claims for Documented Loss Payments or for Cash Fund Payments. In the event that the aggregate amount of all Documented Loss Payments and payments for the CMIS exceeds the total amount of the Net Settlement Fund, then no payments for Lost Time Claims will be made, and the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a pro rata basis, such that the aggregate value of all Documented Loss Payments and payments due for CMIS does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments.

12. To the extent any monies remain in the Net Settlement Fund more than one hundred fifty (150) days after the distribution of Settlement Payments to the Class Members, a subsequent Settlement Payment will be evenly made to all Class Members with Approved Claims who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check amount in a distribution is less than Three Dollars and No Cents ($3.00). If the average check amount in a distribution would be less than Three Dollars and No Cents ($3.00), and if possible, the remaining Net Settlement Fund will be used to extend the CMIS to Class Members receiving that benefit for as long as possible.

13. No portion of the Settlement Fund shall revert or be repaid to Forefront after the Effective Date.

14. This Settlement is not a reversionary settlement. As of the Effective Date, all rights of Forefront and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, pursuant to the Settlement Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Forefront and/or its insurers.

## CLASS CERTIFICATION

15. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(c)(1)(b) ("Rule 23"), the Court provisionally certifies the class, defined as follows:

> [A]ll natural persons who are residents of the United States whose Personal Information was potentially compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack.

Fed. R. Civ. P. 23(c)(1)(b).

16. The Settlement Class specifically excludes: (1) the Judges presiding over the Action and members of their families; (2) Forefront, its subsidiaries, parent companies, successors, predecessors, and any entity in which Forefront or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person. *Id.*

17. The Court provisionally finds, pursuant to Rule 23(a) and (b)(3), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class

Representatives will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(a)(1)-(4), (b)(3).

## SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES

18. Plaintiffs Judith Leitermann, Lynn Anderson, and Milan E. Kunzelmann, as described more fully in the Consolidated Complaint filed in this action, are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

19. The Court finds that Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Tina Wolfson and Andrew W. Ferich of Ahdoot & Wolfson, PC are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

## NOTICE TO SETTLEMENT CLASS

20. No later than thirty-five (35) days after entry of the Preliminary Approval Order (the "Notice Date"), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Summary Notice to the Settlement Class Members as follows:

   a. For any Settlement Class Member for whom an email address is available, the Settlement Administrator shall email the Summary Notice to such person;

   b. For any Settlement Class member for whom an email is not available, and to the extent a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in Postcard form) by U.S. mail, postage prepaid;

c. If any notice that has been emailed is returned as undeliverable, the Settlement Administrator shall attempt two other email executions and, if not successful, the Settlement Administrator will send the Summary Notice (in Postcard form) by U.S. mail, postage prepaid, to the extent a current mailing address is available;

d. For any Summary Notice that has been mailed via U.S. mail and returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

e. Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed; and

f. In the event the Settlement Administrator transmits a Summary Notice via U.S. Mail, then the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals or entities whose names are provided by Forefront.

21. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative Consolidated Class Action Complaint in the Action, as

well as the date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall further allow for submission of Requests of Exclusion electronically through the Settlement Website.

22. The Summary Notice, Long Notice, and Claim Form, attached as Exhibits F, D, and A, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process under Rule 23(c)(2)(b), the United States Constitution, and other applicable laws. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

23. The Notice Plan set forth in the Settlement Agreement, and described below, satisfies the requirements Rule 23(c)(2)(b), provides the best notice practicable under the circumstances, and is hereby approved.

24. The Settlement Administrator is directed to carry out Notice and the Notice Plan, as set forth in the Settlement Agreement.

## EXCLUSIONS AND OBJECTIONS

25. Settlement Class Members who seek to be excluded from the Settlement Class must notify the Settlement Administrator in writing, postmarked no later than seventy-five (75) days

after the Notice Date. Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event a Settlement Class Member submits a Request for Exclusion to the Settlement Administrator via U.S. Mail, such Request for Exclusion must be in writing and must identify the case name *In re Forefront Data Breach Litigation*, No. 1:21-cv-00887-LA (E.D. Wis.); state the name, address, and telephone number of the Settlement Class Member seeking exclusion; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re Forefront Data Breach Litigation*, No. 1:21-cv-00887-LA (E.D. Wis.)." Any person who elects to request exclusion from the Settlement Class shall not: (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

26. Settlement Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. A Settlement Class Member who wishes to object to the Settlement Benefits, the Service Awards Requests, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or

why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in the next paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member or other person who wishes the Court to consider, within seventy-five (75) days following the Notice Date.

27. All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Settlement Class Member's full name, current mailing address, and telephone number; (c) contain a signed statement by the Settlement Class Member that he or she believes he or she is a member of the Settlement Class; (d) identify the specific grounds for the objection; (e) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (f) include all documents or writings that the Settlement Class Member desires the Court to consider; (g) contain a statement regarding whether the Settlement Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; (h) be submitted to the Court either by mailing them to the Clerk's Office, United States District Court for the Eastern District of Wisconsin (Green Bay Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin, 54301-4541, or by filing them in person at any location of the United States District Court for the Eastern District of Wisconsin; and (h) be filed or postmarked on or before the Objection Deadline, as set forth above.

28. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in the last paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

29. Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

30. Forefront will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court.

## **ADMINISTRATION OF SETTLEMENT**

31. The Class Representatives, Settlement Class Counsel, and Forefront have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Sections 3 and 7 of the Settlement Agreement.

32. The Court appoints Postlethwaite & Netterville Group as Settlement Administrator.

33. The Court directs that the Settlement Administrator effectuate the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

34. Settlement Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

35. If the Final Approval Order and Judgment are entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be

forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

36. The Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses;[3] (ii) any Service Awards; (iii) any Fee Award and Costs; and (iv) any Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of the Settlement Agreement.

## FINAL APPROVAL HEARING

37. A Final Approval Hearing shall be held on _____, 2022 at the _____ to be noticed on the Settlement Website.

38. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

39. At the Final Approval Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant Rule 23(a)(1)-(4), (b)(3) & (c)(1)(b); (2) the Settlement should be finally approved as fair, reasonable, and adequate; (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the Releases set forth in the

---

[3] "Administrative Expenses" is defined in the Settlement Agreement as: "[A]ll charges and expenses incurred by the Settlement Administrator in the administration of … [the] Settlement, including, without limitation, all expenses and costs associated with the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement."

Settlement Agreement; (5) Class Counsel's application for Attorneys' Fee Award and Costs should be approved; and (6) the Class Representatives' requests for Service Awards should be approved.

40. Class Counsel's shall file a motion an Attorneys' Fee Award and Costs and Class Representatives' requests for Service Awards on or before twenty-one (21) days prior to the Objection Deadline.

41. Class Counsel's shall file a motion for Final Approval and Judgment of the Settlement no later than fourteen (14) days prior to the date of the Final Approval Hearing.

### TERMINATION

42. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with paragraph 10 of the Settlement Agreement.

43. In the event the Settlement is terminated, the Parties to the Settlement Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of the Settlement Agreement, and, except as otherwise expressly provided in the Settlement Agreement, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Settlement Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

44. In the event the Settlement Agreement is terminated, then the Settlement shall become null and void (with the exception of Sections 3.12, 3.13, 10.5, and 10.6) and shall have no legal effect and may never be mentioned at trial or in dispositive or class motions or motion papers

(except as necessary to explain the timing of the procedural history of the Action), and the Parties will return to their respective positions existing immediately before the execution of the Settlement Agreement.

45. In the event the Settlement Agreement is not approved by any court, or is terminated for any reason, or if the Settlement set forth in the Settlement Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with the Settlement or the Settlement Agreement, except that each Party shall bear its own attorneys' fees and costs.

46. In the event the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever (except as necessary to explain the timing of the procedural history of the Action).

47. This order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Forefront of any fault, wrongdoing, breach, liability, or the certifiability of any class.

## SUMMARY OF DEADLINES

48. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Defendant's CAFA Notice Deadline | 10 days after Settlement Agreement is filed with Court |
| Notice Date | No later than 35 days after entry of the Preliminary Approval Order |
| Deadline for Class Members to Opt-Out of Settlement | 75 days after Notice Date |
| Deadline for Class Members to Object to Settlement | 75 days after Notice Date |
| Deadline for Class Members to Submit Timely, Valid Claims for Monetary Relief | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval and Judgment | No later than 14 days prior to the date of the Final Approval Hearing |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Expenses and Service Awards for Class Representatives | On or before 21 days prior to the Objection Deadline |
| Final Approval Hearing | |

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _____, 202_

_____
HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE