# Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, dated August 22, 2022, is made and entered into by and among the Class Representatives (defined below), for themselves individually and on behalf of the Settlement Class (defined below), and Defendants Forefront Dermatology, S.C. and Forefront Management, LLC (together, "Forefront") (collectively, the "Parties"). This Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## RECITALS

WHEREAS, in May 2021, threat actors gained unauthorized access to Forefront's information technology ("IT") network resulting in unauthorized access to certain files that may have contained information of Forefront's patients and other affiliated persons.

WHEREAS, during the Ransomware Attack (defined below), the Personal Information (defined below) of approximately 2,413,553 individuals who are current and/or former patients, employees, or otherwise affiliated with or conducted business with Forefront was potentially impacted by criminal hackers operating under the "Cuba Ransomware" group.

WHEREAS, on July 28, 2021, the Action (defined below) was commenced with the filing of a class-action complaint against Forefront. On January 27, 2022, the Court appointed Class Counsel (defined below) to lead this litigation following contested leadership briefing pursuant to Fed. R. Civ. P. 23(g). Plaintiffs' Consolidated Class Action Complaint ("CCAC") was filed on February 28, 2022. The CCAC asserts claims for negligence, breach of implied contract, unjust enrichment, breach of fiduciary duty, and breach of confidence, seeking remedies including damages, declaratory relief, and injunctive relief.

WHEREAS, after considerable meet and confer efforts, the Parties agreed to mediate the case.

WHEREAS, in preparation for the scheduled mediation, the Parties exchanged certain documents and information related to the Action. The Parties also drafted and exchanged mediation briefs laying out their respective positions on the litigation, including with respect to class certification and settlement.

WHEREAS, on June 10, 2022, the Parties engaged in an all-day, arm's-length mediation session before Jill R. Sperber, Esq. of Sperber Dispute Resolution. The mediation did not result in an agreement. In the weeks that followed the mediation session, the Parties continued to attempt to resolve their disputes through continued and extensive negotiations.

WHEREAS, on June 24, 2022, after the Parties were unable to reach agreement on the amount of the Settlement Fund (defined below), the Parties agreed to submit the issue for a mediator's proposal. On June 28, 2022, the Parties both accepted the mediator's proposal on the Settlement Fund amount.

WHEREAS, following acceptance of the mediator's proposal on the Settlement Fund amount, the Parties continued to negotiate the remaining terms of this Settlement. In the weeks after the mediator's proposal was accepted, the Parties were able to finalize all of the terms of this Settlement.

WHEREAS, during the pendency of the Action, one of the Defendants was undergoing a sale and, ultimately, was sold. The inclusion of the additional entities in Paragraph 1.39 (below) reflects the change in ownership that took place while the Action was pending and was a term of the sale agreed to by the buyer and seller.

WHEREAS, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings as set forth in the release contained herein, by and on behalf of members of the Settlement Class defined herein, but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein.

WHEREAS, Class Counsel, on behalf of Plaintiffs and the Settlement Class, have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Forefront's potential defenses, including conducting independent investigation and confirmatory discovery, conferring with defense counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Forefront may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.

WHEREAS, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

WHEREAS, Forefront has similarly concluded that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

WHEREAS, this Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and Forefront specifically denies any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Forefront of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

WHEREAS, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

1. **DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1 "Action" means the consolidated class action captioned as *In re Forefront Data Breach Litigation*, Master File No. 1:21-cv-00887, now pending before the Honorable Lynn Adelman in the United States District Court for the Eastern District of Wisconsin.

1.2 "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3 "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein including the exhibits hereto.

1.4 "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Settlement Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5 "Attack" or "Ransomware Attack" refers to the ransomware attack that is the subject of the Action during which threat actors gained unauthorized access to Forefront's IT systems in May 2021.

1.6 "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.7 "Claimant" means a Settlement Class Member who submits a Claim Form for a Settlement Payment.

1.8 "Claim Form" means the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Settlement Class Members who wish

to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Settlement Class Member who so requests.

1.9 "Claims Deadline" means the date by which all Claim Forms must be received to be considered timely and shall be set as the date ninety (90) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

1.10 "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and shall commence on the Notice Date and shall end on the date ninety (90) days thereafter.

1.11 "Class Counsel" means attorneys Tina Wolfson and Andrew W. Ferich of Ahdoot & Wolfson, PC, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC.

1.12 "Class Member" means a member of the Settlement Class.

1.13 "Class Representatives" and "Plaintiffs" mean Judith Leitermann, Lynn Anderson, and Milan Kunzelmann.

1.14 "Court" means the United States District Court for the Eastern District of Wisconsin, the Honorable Lynn Adelman (or any judge sitting in his stead or to whom the Action may be transferred) presiding.

1.15 "Credit Monitoring and Insurance Services" and "CMIS" mean the services to be provided to Class Members who are entitled to and who select such services on their Claim Form, and as further described in Section 3.2(a), below.

1.16 "Documented Loss" refers to monetary losses incurred by a Settlement Class Member and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not traceable to the Ransomware Attack, and that are not otherwise recoverable through insurance. Documented Loss must be supported by Reasonable Documentation that a Settlement Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Ransomware Attack and incurred on or after May 28, 2021.

1.17 "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.1 below.

1.18 "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

-4-

1.19  "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs awarded by the Court to Class Counsel.

1.20  "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which approves the Settlement Agreement. The Final Approval Order must be substantially similar to the form attached hereto as **Exhibit B**.

1.21  "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

1.22  "Forefront's Counsel" or references to counsel for Forefront means attorney Casie D. Collignon and other attorneys at the law firm Baker & Hostetler, LLP.

1.23  "Forefront" or "Defendant" or "Forefront Defendants" means collectively, Defendants Forefront Dermatology, S.C., a Wisconsin service corporation, and Forefront Management, LLC, a limited liability company incorporated in Delaware, and their current and former affiliates, parents, subsidiaries, and successors.

1.24  "Judgment" means the judgment to be entered by the Court. The Judgment must be substantially similar to the form of **Exhibit C**.

1.25  "Litigation Costs" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, settling the Action, and obtaining an order of final judgment.

1.26  "Long Form Notice" means the long form notice of settlement, substantially in the form attached hereto as **Exhibit D**.

1.27  "Lost Time Payment" means payments provided to Class Members who are entitled to and who select such a payment on their Claim Form, and as further described in Section 3.2(c), below.

1.28  "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for attorneys' fees, costs, and reimbursement of expenses, and (iv) taxes, if any.

1.29  "Notice" means notice of the proposed class action settlement to be provided to Settlement Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice, the Long Form Notice, and the Settlement Website.

1.30 "Notice Date" means the date upon which Settlement Class Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than thirty-five (35) days after entry of the Preliminary Approval Order.

1.31 "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Settlement Class members of the terms of this Agreement and the Final Approval Hearing.

1.32 "Objection Deadline" means the date by which Settlement Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs, and (ii) the Service Awards, which shall be seventy-five (75) days following the Notice Date.

1.33 "Opt-Out Period" means the period in which a Settlement Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire seventy-five (75) days following the Notice Date. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

1.34 "Parties" means the Plaintiffs and the Forefront Defendants.

1.35 "Personal Information" means information that is or could be used, whether on its own or in combination with other information, to identify, locate, or contact a person, including, without limitation, names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), drivers' license information, tax records, bank account and routing information, and other personally identifying information, as well as information used to process health insurance claims, prescription information, medical records and data, and other medical or personal health information.

1.36 "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to the proposed Settlement Class, establishes a procedure for Settlement Class Members to object to or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit E**.

1.37 "Reasonable Documentation" means documentation supporting a claim for Documented Loss including, but not limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Documented Loss costs cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Settlement Class Member must provide supporting documentation.

-6-

1.38    "Released Claims" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description— whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the compromise of any Class member's Personal Information arising out of the Ransomware Attack. "Released Claims" do not include any claims against any entity other than Released Parties and are subject to Section 4.1 below.

1.39    "Released Parties" means the Forefront Defendants and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. The term "Released Parties" expressly includes, but is not limited to: Partners Group Access PF 304 L.P.; OPE Forefront Investment Limited; Forefront Physicians Holdings, LLC; Forefront Management Aggregator, LLC; Dermatology Holdings GP, LLC; Dermatology Holdings, L.P.; Dermatology Intermediate Holdings I, Inc.; Dermatology Intermediate Holdings II, Inc.; Dermatology Intermediate Holdings III, Inc.; Dermatology Acquisition, Inc.; Dermatology Blocker I, Inc.; Dermatology Blocker II, Inc.; Dermatology Acquisition Holdings, LLC; Dermatology Intermediate Holdings, LLC; Forefront Management Holdings, LLC; and Forefront ASC, LLC.  Each of the Released Parties may be referred to individually as a "Released Party."

1.40    "Request for Exclusion" is the written communication by a Settlement Class Member in which he or she requests to be excluded from the Settlement Class pursuant to the terms of the Agreement.

1.41    "Service Awards" means the amount awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation, as set forth in Sections 8.1-8.3 below.

1.42    "Settlement" means this settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.43    "Settlement Administrator" means the third-party class action settlement administrator to be selected by the Parties with the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any requests for exclusion from the Class. Class Counsel and Forefront may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.44    "Settlement Benefit(s)" means any Settlement Payment, the Credit Monitoring and Insurance Services, the Documented Loss Payments, the Prospective Relief set

forth in Sections 2 and 3 herein, and any other benefits Settlement Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, and Administrative Expenses.

1.45    "Settlement Class" and "Class" means all natural persons who are residents of the United States whose Personal Information was potentially compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Forefront, its subsidiaries, parent companies, successors, predecessors, and any entity in which Forefront or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

1.46    "Settlement Fund" means the sum of Three Million Seven Hundred Fifty Thousand Dollars and No Cents ($3,750,000), to be paid by Forefront, as specified in Section 3.1 of this Agreement.

1.47    "Settlement Payment" means any payment to be made to any Class Member on Approved Claims pursuant to Section 3.2 herein.

1.48    "Settlement Website" means the Internet website, at URL address www.forefrontsettlement.com, to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.49    "Summary Notice" means the summary notices of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit F**.

1.50    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax

-8-

Expenses shall be treated as, and considered to be, an Administration Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.51 "Unknown Claims" means any and all Released Claims that Forefront or any Class Representative or Settlement Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Forefront, Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

-9-

## 2. SECURITY COMMITMENTS; PROSPECTIVE RELIEF

2.1 Forefront agrees to adopt, continue, and/or implement the following (or substantially similar) data security measures for a period of no less than 2 years from the Effective Date of this Agreement:

(a) Implement and maintain two-factor authentication throughout their systems, where reasonably appropriate and practicable;

(b) Retain qualified third-party vendor(s) to assist in augmenting Forefront's information and data security and Forefront's information and data security business practices;

(c) Retain qualified third-party vendor(s) to provide real-time support to Forefront regarding its information and data security;

(d) Implement, where reasonably appropriate and practicable, immutable storage across Forefront's information technology network(s) to avoid tampering with and/or deleting any backups;

(e) Implement single sign-on; lifecycle management; and adaptive, multi-factor authentication services, where available;

(f) Enhance endpoint management and security for all Forefront computers, including desktops, servers, and tablets; and

(g) Implement, where reasonably appropriate and practicable, best practices for active directories, servers, and work stations.

## 3. SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1 Forefront agrees to make or cause to be made a payment of Three Million Seven Hundred Fifty Thousand Dollars and No Cents ($3,750,000), to create the Settlement Fund as follows: within 30 days after the later of (a) entry of the Preliminary Approval Order, which shall include an order establishing the Settlement Fund pursuant to pursuant to Treasury Regulation § 1.468B-1(c)(1), or (b) receipt from the Settlement Administrator of detailed wire instructions and a completed W-9 form, Forefront agrees to and shall cause the sum Three Million Seven Hundred Fifty Thousand Dollars and No Cents ($3,750,000) to be deposited in an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest-bearing bank account deposits with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund shall cover reasonable costs associated with the Notice Plan and any other Administrative Expenses incurred prior to entry of the Final Approval Order and the Judgment, Settlement Payments

to Claimants, and any Service Awards and Fee Award and Costs awarded by the Court. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Forefront's liability shall not exceed Three Million Seven Hundred Fifty Thousand Dollars and No Cents ($3,750,000).

(a)     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Administrator is responsible for the payment of all Taxes.

(b)     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defendant's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.2     <u>Settlement Payments</u>: Each Class Member may qualify and submit a claim for the following:

(a)     <u>Credit Monitoring and Insurance Services</u>. Two years of Credit Monitoring and Insurance Services ("CMIS"). CMIS will include credit monitoring, fraud consultation, and identity theft restoration services. Class Members who already maintain a credit monitoring service may elect to defer their enrollment in the CMIS for a period of 12 months for no additional charge.

-11-

The CMIS will include the following services, among others, to be provided to each Class Member who submits a valid claim for CMIS: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) three-bureau credit monitoring providing notice of changes to the Class Member's credit profile.

(b) <u>Documented Loss Payment</u>. Class Members may also submit a claim for a Settlement Payment of up to $10,000 for reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Class Member fails to cure his or her claim, the claim will be rejected.

(c) <u>Lost Time Payment</u>. Class Members may also submit a claim for lost time related to their efforts undertaken to prevent or mitigate fraud and identity theft following the announcement of the Ransomware Attack. Class Members who elect to submit a Claim that includes a Lost Time Payment may claim up to five (5) hours of lost time at a rate of $25 per hour, for a maximum of $125. Class Member who submit a Lost Time Payment Claim will be required to provide a brief narrative of the nature of the lost time and other mitigation efforts for which payment is being sought.

(d) <u>Alternative Cash Fund Payment</u>. In the alternative to all of the foregoing Settlement Benefits, Class Members may submit a claim to receive a Settlement Payment in cash ("Cash Fund Payment"). The amount of the Cash Fund Payment will be calculated in accordance with Section 3.7 below. Class Members who submit a Claim for a Cash Fund Payment will not be entitled to select any of the other Settlement Benefits provided for under Section 3.2(a)-(c).

3.3 <u>Settlement Payment Methods.</u> Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods. In the event that Class Members do not exercise this option, they will receive their Settlement Payment via a physical check sent by U.S. Mail.

3.4 <u>Deadline to File Claims.</u> Claim Forms must be received postmarked or electronically within ninety (90) days after the Notice Date.

3.5     <u>The Settlement Administrator.</u> The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant of the deficiencies and notify the Claimant that he or she shall have thirty (30) days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable.

3.6     <u>Timing of Settlement Benefits.</u> Within ninety (90) days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Class Member who is entitled to funds based on the selection made on their given Claim Form. Within forty-five (45) days of the Effective Date, the Settlement Administrator shall make best efforts to provide Class Members who selected CMIS with enrollment instructions for the CMIS.

3.7     <u>Distribution of Settlement Payments</u>: The Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. If Net Settlement Funds remain after paying for the CMIS, the Settlement Administrator will next use it to pay all Documented Loss Payments and Lost Time Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments, Lost Time Payments, and CMIS payments are made shall be referred to as the "Post DC Net Settlement Fund." The Settlement Administrator shall then utilize the Post DC Net Settlement Fund to make all Cash Fund Payments pursuant to Section 3.2(d) herein. The amount of each Cash Fund Payment shall be calculated by dividing the Post DC Net Settlement Fund by the number of valid claims submitted. In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. In such an event, no Net Settlement Funds will be distributed to Claimants for Approved Claims for Documented Loss Payments or for Cash Fund Payments. In the event that the aggregate amount of all Documented Loss Payments and payments for the CMIS exceeds the total amount of the Net Settlement Fund, then no payments for Lost Time Claims will be made, and the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a pro rata basis, such that the aggregate value of all Documented Loss Payments and payments due for CMIS does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

3.8     <u>Deadline to Deposit or Cash Physical Checks.</u> Settlement Class Members with Approved Claims who receive a Documented Loss Payment or a Cash Fund

-13-

Payment, by physical check, shall have sixty (60) days following distribution to deposit or cash their benefit check.

3.9 <u>Residual Funds</u>. To the extent any monies remain in the Net Settlement Fund more than one hundred fifty (150) days after the distribution of all Settlement Payments to the Class Members, a subsequent Settlement Payment will be evenly made to all Class Members with Approved Claims who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment amount in a distribution is less than Three Dollars and No Cents ($3.00). If the average payment amount in a distribution would be less than Three Dollars and No Cents ($3.00), and if possible, the remaining Net Settlement Fund will be used to extend the CMIS to Class Members receiving that benefit for as long as possible.

3.10 <u>Returned Payments</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in a reasonable efforts to find a valid address (in the case of physical checks) and resend the Settlement Payment within thirty (30) days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to repay or resend a Settlement Payment.

3.11 <u>Residue of Settlement Fund</u>. No portion of the Settlement Fund shall revert or be repaid to Forefront after the Effective Date.

3.12 <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deposited in to the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

(a) In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Forefront and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

3.13 <u>Non-Reversionary</u>. This Settlement is not a reversionary settlement. As of the Effective Date, all rights of Forefront and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section 10 of this Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Forefront and/or its insurers.

-14-

3.14    Use of the Settlement Fund. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; and (v) the Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of this Agreement..

3.15    Payment / Withdrawal Authorization. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Forefront with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven (7) Business Days prior to making such withdrawal or payment.

3.16    Payments to Class Members. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.17    Taxes. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative and Settlement Class Member as a result of any benefit or payment received as a result of the Settlement. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

3.18    Limitation of Liability.

(a)    Forefront and Forefront's Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any

-15-

losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)     Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and the Forefront Defendants, and Forefront's Counsel harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

## 4.     RELEASE

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Settlement Class Members identified in the settlement class list, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Ransomware Attack or otherwise arises out of the same facts and circumstances set forth in the Consolidated Class Action Complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party.

-16-

4.2     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

## 5.     REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1     <u>Preliminary Approval</u>. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit E**.

5.2     <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.3     <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, Plaintiffs and Forefront stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Forefront reserves the right to contest class certification for all other purposes. Plaintiffs and Forefront further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.4     <u>Final Approval</u>. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is in compliance with the provisions of 28 U.S.C. §1715(d).

## 6.     CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

6.1     Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

6.2     The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3     <u>Direct Notice</u>. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Summary Notice to the Settlement Class Members as follows:

-17-

(a)     For any Settlement Class Member for whom an email address is available, the Settlement Administrator shall email the Summary Notice to such person;

(b)     For any Settlement Class member for whom an email is not available, and to the extent a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in Postcard form) by U.S. mail, postage prepaid;

(c)     If any notice that has been emailed is returned as undeliverable, the Settlement Administrator shall attempt two other email executions and, if not successful, the Settlement Administrator will send the Summary Notice (in Postcard form) by U.S. mail, postage prepaid, to the extent a current mailing address is available;

(d)     For any Summary Notice that has been mailed via U.S. mail and returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

(e)     Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed as provided in this Paragraph; and

(f)     In the event the Settlement Administrator transmits a Summary Notice via U.S. Mail, then the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals or entities whose names are provided by Forefront.

6.4     <u>Settlement Class List</u>. Within fourteen (14) days after the issuance of the Preliminary Approval Order, Forefront will provide to the Settlement Administrator a list of any and all names, mailing addresses, telephone numbers, and email addresses of any and all Settlement Class Member that it has in its possession, custody, or control.

6.5     <u>Confidentiality</u>. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall be destroyed after all distributions to Settlement Class Members have been made; and shall not be used for any other purpose. Moreover, because the Class Member list and information contained therein will be provided to the Settlement Administrator solely for purposes of providing the

Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Class Counsel and Forefront's Counsel, and will ensure that any information provided to it by Settlement Class Members, Class Counsel, Forefront, or Forefront's Counsel, will be secure and used solely for the purpose of effecting this Settlement.

6.6     <u>Fraud Prevention</u>. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

6.7     <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website (www.forefrontsettlement.com) to be launched on the Internet in accordance with this Agreement. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative Consolidated Class Action Complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of Requests of Exclusion electronically through the Settlement Website.

6.8     <u>Opt-Out/Request for Exclusion</u>. The Notice shall explain that the procedure for Class Members to opt out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than seventy-five (75) days after the Notice Date. Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event the Settlement Class Members submit a Request for Exclusion to the Settlement Administrator via US Mail, such Request for Exclusion must be in writing and must identify the case name *In re Forefront Data Breach Litigation*, No. 1:21-cv-00887-LA (E.D. Wis.); state the name, address and telephone number of the Settlement Class Member seeking exclusion; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re Forefront Data Breach Litigation*, No. 1:21-cv-00887-LA (E.D. Wis.)." Any person who elects to request

-19-

exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

6.9     Objections. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than seventy-five (75) days after the Notice Date (the "Objection Deadline"). Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within seventy-five (75) days following the Notice Date. All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Class Member's full name, current mailing address, and telephone number; (c) contain a signed statement by the Class Member that he or she believes he or she is a member of the Settlement Class; (d) identify the specific grounds for the objection; (e) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (f) include all documents or writings that the Class Member desires the Court to consider; (g) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear (either in person or by telephone or videoconference) at the Final Approval Hearing; (h) be submitted to the Court either by mailing them to the Clerk's Office, United States District Court for the Eastern District of Wisconsin (Green Bay Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin, 54301-4541, or by filing them in person at any location of the United States District Court for the Eastern District of Wisconsin; and (i) be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court. Without limiting the foregoing, any challenge to the Settlement Agreement, the Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

-20-

6.10    Forefront will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after this Agreement is filed with the Court.

## 7.    SETTLEMENT ADMINISTRATION

7.1    <u>Submission of Claims</u>.

(a)    <u>Submission of Electronic and Hard Copy Claims</u>. Settlement Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

(b)    <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Settlement Class members to determine whether they are eligible for a Settlement Payment.

7.2    <u>Settlement Administrator's Duties</u>.

(a)    <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

(b)    <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Notice as provided for in this Agreement.

(c)    <u>Maintenance of Records</u>. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Forefront's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Forefront's Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

(i)    Receive Requests for Exclusion from Settlement Class Members and provide Class Counsel and Forefront's Counsel a copy thereof

-21-

no later than five (5) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Forefront's Counsel;

(ii) Provide weekly reports to Class Counsel and Forefront's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Forefront's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

(iii) Make available for inspection by Class Counsel and Forefront's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice;

(iv) Cooperate with any audit by Class Counsel or Forefront's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3 <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class member who submits a Claim Form.

## 8. SERVICE AWARDS

8.1 Class Representatives and Class Counsel may seek Service Awards to the Class Representatives in an amount not to exceed two thousand five hundred dollars and no cents ($2,500). Class Counsel may file a motion seeking Service Awards for the Class Representatives on or before twenty-one (21) days prior to the Objection Deadline.

8.2 The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within five (5) Business Days after the Effective Date.

8.3 In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or

-22-

modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4     The Parties did not discuss or agree upon the amount of the maximum amount of Service Awards for which Class Representatives can apply for, until after the substantive terms of the Settlement had been agreed upon.

## 9.      ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1     Class Counsel may file a motion for an award of attorneys' fees, costs, and expenses to be paid from the Settlement Fund on or before twenty-one (21) days prior to the Objection Deadline. The Settlement Administrator shall pay any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel shall be paid in the amount approved by the Court, from the Settlement Fund, within five (5) Business Days after the Effective Date.

9.2     Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst themselves.

9.3     The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's attorneys' fees, costs, or expenses.

## 10.     EFFECTIVE DATE, MODIFICATION, AND TERMINATION

10.1    The Effective Date of the Settlement shall be the first day after all of the following conditions have occurred:

(a)     Forefront and Class Counsel execute this Agreement;

(b)     The Court enters the Preliminary Approval Order, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit E**;

(c)     Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d)     The Court enters the Final Approval Order and Judgment, without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached hereto as **Exhibit B** and **Exhibit C**, respectively; and

(e)     The Final Approval Order and Judgment has become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal,

-23-

petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2    In the event that the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment, or the Final Approval Order and Judgment does not become Final (as described in Paragraph 10.1(e) of this Agreement), Forefront may at its sole discretion terminate this Agreement on five (5) Business Days written notice from Forefront's Counsel to Class Counsel.

10.3    In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within fourteen (14) days after such modification may declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the attorneys' fees, costs or expenses and/or Service Awards.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

10.5    In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Sections 3.12, 3.13, 10.5, and 10.6 herein) and shall have no legal effect and may never be mentioned at trial or in dispositive or class motions or motion papers (except as necessary to explain the timing of the procedural history of the Action), and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.6    Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

-24-

## 11. NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a)    shall not be offered or received against Forefront as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Forefront with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Forefront;

(b)    shall not be offered or received against Forefront as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Forefront;

(c)    shall not be offered or received against Forefront as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Forefront, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against Forefront as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Forefront have any merit.

## 12. REPRESENTATIONS

12.1    Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

-25-

### 13. NOTICE

13.1 All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

> Tina Wolfson
> twolfson@ahdootwolfson.com
> Andrew Ferich
> aferich@ahdootwolfson.com
> AHDOOT & WOLFSON, PC
> 2600 West Olive Avenue, Suite 500
> Burbank, California 91505
> Telephone: (310) 474-9111

> Gary Klinger
> gklinger@milberg.com
> MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
> 221 W. Monroe Street, Suite 2100
> Chicago, IL 60606
> Telephone: (866) 252-0878

13.2 All notices to Forefront or Forefront's Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

> Casie D. Collignon
> ccollignon@bakerlaw.com
> BAKER & HOSTETLER LLP
> 1801 California Street, Suite 4400
> Denver, CO 80202
> Telephone: (303) 861-0600

13.3 All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail to the following address:

> P&N
> 8550 United Plaza Boulevard, Suite 1001
> Baton Rouge, LA 70809

13.4 The notice recipients and addresses designated in this Section may be changed by written notice.

### 14. MISCELLANEOUS PROVISIONS

14.1 <u>Representation by Counsel</u>. The Class Representatives and Forefront represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects

of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2 <u>Best Efforts</u>. The Parties agree that they will make all reasonable efforts needed to reach the Effective Date and fulfill their obligations under this Agreement.

14.3 <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4 <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5 <u>No Additional Persons with Financial Interest</u>. Forefront shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member, other than what is expressly provided for in this Agreement.

14.6 <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.7 <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest.

14.8 <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.9 <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.10 <u>Successors</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.11 <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.12 <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the state of Wisconsin, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.13 <u>Interpretation</u>.

    (a)    Definitions apply to the singular and plural forms of each term defined.

    (b)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (c)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.14 <u>No Precedential Value</u>. The Parties agree and acknowledge that this Agreement carries no precedential value.

14.15 <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations.

14.16 <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.17 <u>Headings</u>. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.18 <u>Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.19 <u>Counterparts and Signatures</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement

shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

14.20 <u>Facsimile and Electronic Mail</u>. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.21 <u>No Assignment</u>. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.22 <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.23 <u>Dollar Amounts</u>. All dollar amounts are in United States dollars, unless otherwise expressly stated.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

Dated: August 31, 2022

**AHDOOT & WOLFSON, PC**

Tina Wolfson
Andrew W. Ferich

Dated: August 31, 2022

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

Gary Klinger

Dated: August _31__, 2022

**BAKER & HOSTETLER LLP**

Casie D. Collignon

-29-

**FOREFRONT DERMATOLOGY, S.C. and FOREFRONT MANAGEMENT, LLC**

Dated: August _31__, 2022

_____
Casie D. Collignon, Bar No. 35160
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 861-0600
ccollignon@bakerlaw.com

# Exhibit A

## CLAIM FORM FOR FOREFRONT RANSOMWARE BENEFITS


**USE THIS FORM TO MAKE A CLAIM FOR CREDIT MONITORING AND INSURANCE SERVICES, A DOCUMENTED LOSS PAYMENT, AND A LOST TIME PAYMENT; OR AN ALTERNATIVE CASH FUND PAYMENT,**

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web www.forefrontsettlement.com.*

**The DEADLINE to submit this Claim Form is postmarked: [XXXX XX, 202X]**

## I.      GENERAL INSTRUCTIONS

If you are an individual who was notified that his or her Personal Information was potentially compromised as a result of a data breach that occurred when the IT network of Forefront Dermatology, S.C. and Forefront Management, LLC (together, "Forefront") was hacked in a sophisticated criminal cyberattack affecting certain Forefront files that may have contained the information of Forefront's patients and other affiliated persons (the "Attack" or "Ransomware Attack"), you are a Class Member.

As a Class Member, you are eligible to make a claim for **either:**

**One or more of the following 3 options:** (1) two years of Credit Monitoring and Insurance Services; (2) up to a $10,000 cash payment for reimbursement of Documented Losses that are more likely than not a result of the Forefront Ransomware Attack ("Documented Loss Payment") and not otherwise recoverable through insurance; and/or (3) up to $125 cash payment for reimbursement of Lost Time related to efforts undertaken to prevent or mitigate fraud and identity theft following the Ransomware Attack ("Lost Time Payments");

**OR, in the alternative to the foregoing 3 options**: a Cash Fund Payment, the amount of which will depend on the number of Class Members who participate in the Settlement and who utilize Credit Monitoring and Insurance Services, Lost Time Payments, or Documented Loss Payments.

The Credit Monitoring and Insurance Services will include the following services, among others: (i) up to $1,000,000 of identity theft insurance coverage; and (ii) two years of three-bureau credit monitoring providing, among other things, notice of changes to the Class Member's credit profile. If you already subscribed to credit monitoring services through another provider, you will have the option to postpone the commencement of the Credit Monitoring and Insurance Services by up to 12 months for no additional charge.

Cash payments amounts may be reduced *pro rata* (equal share) or increased *pro rata* depending on how many Class Members submit claims. Complete information about the Settlement and its benefits are available at www.forefrontsettlement.com.

This Claim Form may be submitted online at www.forefrontsettlement.com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:


Forefront Data Breach Settlement Administrator
PO Box XXXX
XXXXX, XX XXXXX

## II. CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments and Credit Monitoring and Insurance Services, you must notify the Settlement Administrator in writing at the address above.

First Name                                    M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                    State:        Zip Code:

Telephone Numbers (Cell)                Telephone Numbers (Home)

Email Address

Date of Birth (mm/dd/yyyy)              Unique ID Number Provided on mailed Notice (if known)

### You may only select one of the following options:

### III.    CLASS MEMBERSHIP

☐ Please check this box if you received a notice related to this Class Action and provided your Unique ID Number in Section II above.

☐ Please check this box if you have **not** received a letter notice but believe that you should be included in the Class. You must provide Reasonable Documentation demonstrating that you were impacted by the Forefront Ransomware Attack.

### You may select either a:

### IV. CASH FUND PAYMENT

☐ If you wish to receive a Cash Fund Payment, you must check off the box for this section, and then simply return this Claim Form. A check will be mailed to the address you provided in Section II, above, as long

**Questions? Go to www.forefrontsettlement.com or call 1-888-8888.**

as the Net Settlement Fund is not depleted by the claims for Credit Monitoring and Insurance Services, Lost Time Payments, and Documented Loss Payments.

You will receive an email at the email address provided below after Final Approval prompting you to select how you'd like to be paid. You can receive your payment via a variety of digital options such as digital debit card or PayPal, or you can elect to receive a check.

Email Address [Mandatory]:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

## **<u>Or, in the alternative, one or more of the following</u>:**

## **V. CREDIT MONITORING AND INSURANCE SERVICES**

☐ If you wish to receive Credit Monitoring and Insurance Services, you must check off the box for this section, provide your email address in the space provided in Section II, above, and return this Claim Form. Submitting this Claim Form will not automatically enroll you into Credit Monitoring and Insurance Services. To enroll, you must follow the instructions sent to your email address after the Settlement is approved and becomes final (the "Effective Date").

## **VI. REIMBURSEMENT FOR DOCUMENTED LOSSES**

☐ Please check off this box for this section if you are electing to seek reimbursement for up to $10,000 of Documented Losses you incurred that are more likely than not traceable to the Forefront Ransomware Attack and are not otherwise reimbursable from insurance. Documented Losses include unreimbursed losses and consequential expenses that are more likely than not related to the Forefront Ransomware Attack and incurred on or after May 28, 2021.

In order to make a claim for a Documented Loss Payment, **<u>you must</u>** (i) fill out the information below and/or on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section VIII); and (iii) include Reasonable Documentation supporting each claimed cost along with this Claim Form. Documented Losses need to be deemed more likely than not due to the Forefront Ransomware Attack by the Settlement Administrator based on the documentation you provide and the facts of the Forefront Ransomware Attack. **<u>Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.</u>**

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ○ Unreimbursed fraud losses or charges | ___/___/___ (mm/dd/yy) | $_____._ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges* |
| ○ Professional fees incurred in | ___/___/___ (mm/dd/yy) | $_____._ | *Examples: Receipt for hiring service to assist you in addressing identity theft;* |

**Questions? Go to www.forefrontsettlement.com or call <mark>1-888-8888.</mark>**

Case 1:21-cv-00887-LA   Filed 09/01/22   Page 35 of 79   Document 57-1

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| connection with identity theft or falsified tax returns | | | *Accountant bill for re-filing tax return* |
| ○ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing | / / (mm/dd/yy) | $ . | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive your tax refund and the amount* |
| ○ Credit freeze | / / (mm/dd/yy) | $ . | *Examples: Notices or account statements reflecting payment for a credit freeze:* |
| ○ Credit monitoring that was ordered after May 28, 2021 through the date on which the Credit Monitoring and Insurance Services become available through this Settlement | / / (mm/dd/yy) | $ . | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services* |
| ○ Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long- distance telephone charges | / / (mm/dd/yy) | $ . | *Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office), indication of why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Forefront Ransomware Attack* |
| ○ Other (provide detailed description) | / / (mm/dd/yy) | $ . | *Please provide detailed description below or in a separate document submitted with this Claim Form:* |

If you do not submit Reasonable Documentation supporting a Documented Loss Payment claim, or your claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason and you do not cure

**Questions? Go to www.forefrontsettlement.com or call 1-888-8888.**

the defect, and you have not otherwise selected a Lost Time Payment or Credit Monitoring and Insurance Services, your claim will be considered for a Cash Fund Payment.

## VII. LOST TIME PAYMENT

Please check off this box for this section if you are electing to seek reimbursement for Lost Time you undertook to prevent or mitigate fraud and identity theft following the announcement of the Ransomware Attack. Class Members who elect to submit a Claim for Lost Time Payment may claim up to five (5) hours of lost time at a rate of $25 per hour, for a maximum of $125. If you are selecting reimbursement for Lost Time, you must sign the attestation at the end of this Claim Form (section VIII).

Please indicate below how much time (round to the nearest hour and check only one box) that you spent to prevent or mitigate fraud and identity theft following the announcement of the Forefront Ransomware Attack:

❏ 1 Hour     ❏ 2 Hours     ❏ 3 Hours     ❏ 4 Hours     ❏ 5 Hours

*Examples*: You spent at least one full hour calling customer service lines, writing letters or emails, or on the internet trying to get unauthorized charges reversed or reimbursed. Please note that the time it takes to fill out this Claim Form is not reimbursable and should not be included in the total number of hours claimed.

*Required*: If time was spent on the telephone or online in an attempt to prevent fraud or identity theft, in the space below, describe what you did, or attach a copy of any letters or emails that you wrote. If the time was spent trying to get unauthorized charges reversed or reimbursed, describe what you did.

_____

_____

_____

## VIII. CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claim payments are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

_____     Date:_____

Signature

_____

Print Name

**Questions? Go to www.forefrontsettlement.com or call 1-888-8888.**

Case 1:21-cv-00887-LA   Filed 09/01/22   Page 37 of 79   Document 57-1

## IX. ATTESTATION
## (REQUIRED FOR LOST TIME PAYMENT AND DOCUMENTED LOSS PAYMENT CLAIMS)

I, _____, declare that I suffered the Lost Time and/or Documented Losses claimed above.
      [Name]

I also attest that the Lost Time and/or Documented Losses claimed above are accurate and were not otherwise reimbursable by insurance.

I declare under penalty of perjury under the laws of Wisconsin and of the United States of America that the foregoing is true and correct. Executed on _____, in _____, _____.
                    [Date]            [City]      [State]

_____
[Signature]

**Questions? Go to www.forefrontsettlement.com or call 1-888-8888.**

Case 1:21-cv-00887-LA   Filed 09/01/22   Page 38 of 79   Document 57-1

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE FOREFRONT DATA
BREACH LITIGATION

This Document Relates to: ALL
ACTIONS.

Case No. 1:21-cv-00887-LA

Hon. Lynn Adelman

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF
SETTLEMENT**

The Court having held a Final Approval Hearing on _____ __,
2022, at _____ _.m., in the Courtroom of The Honorable Lynn Adelman, United States
District Court for the Eastern District of Wisconsin (Green Division), Jefferson Court Building,
125 S. Jefferson St., Room 102, Green Bay, Wisconsin 54301-4541, and having considered all
matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for
delay in entry of this Final Approval Order (this "Order") and good cause appearing therefore, and
having considered the papers filed and proceedings held in connection with the Settlement, having
considered all of the other files, records, and proceedings in the Action, and being otherwise fully
advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.     This Court has jurisdiction over the subject matter of the Action and all matters
relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the
Class Members. Venue is proper in this Court.

2.     This Order incorporates and makes a part hereof: (a) the Class Action Settlement
Agreement, dated August 31, 2022 ("Settlement Agreement"), including the definitions in the

Settlement Agreement and (b) the Notices attached as Exhibits thereto, respectively, all of which were filed with the Court on September 1, 2022. All terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class[1] defined as: all natural persons who are residents of the United States whose Personal Information was compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack. Excluded from the Settlement Class are: (1) the Judges presiding over the Action and members of their families; (2) Forefront, its subsidiaries, parent companies, successors, predecessors, and any entity in which Forefront or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person (the "Settlement Class").

4. <u>Class Representatives</u>. Plaintiffs Judith Leitermann, Lynn Anderson, and Milan Kunzelmann ("Class Representatives") are hereby appointed, for settlement purposes only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5. <u>Class Counsel</u>. Tina Wolfson and Andrew W. Ferich of Ahdoot & Wolfson, PC, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

---

[1] The capitalized terms used in this [Proposed] Order Granting Final Approval of Settlement shall have the same meaning as defined in the Settlement Agreement.

6. <u>Class Notice</u>. The Court finds that the dissemination of Notice to Settlement Class Members: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the releases to be provided thereunder); (v) Class Counsel's motion for a Fee Award and Costs and for Service Awards to the Class Representatives; (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for Service Awards to the Class Representatives and for a Fee Award and Costs; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>Class Action Fairness Act Notice</u>. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

8. <u>Objections</u>. [If Necessary] The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.

9. <u>Final Settlement Approval and Dismissal of Claims</u>. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the consideration provided for in the Settlement; the releases provided for therein; and the dismissal with prejudice of the claims asserted against Forefront in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court finds that, pursuant to Rule 23(e)(2), (A) the Class Representatives and Class Counsel have adequately

3

represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is fair, reasonable, and adequate taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Class Member claims; (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Awards to the Class Representatives; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Class Members equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. <u>Dismissal with Prejudice</u>. The Action is hereby dismissed with prejudice as to the Forefront Dermatology Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

11. <u>Binding Effect</u>. The terms of the Settlement Agreement and of this Order shall be forever binding on Forefront, Plaintiffs, and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form, seeks or obtains a Settlement benefit, or objected to the Settlement), as well as their respective successors and assigns.

12. <u>Opt Outs</u>. The persons listed on Exhibit __, attached hereto and incorporated by this reference, submitted timely and proper Requests for Exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Order.

13. <u>Releases</u>. The releases set forth in Paragraph 4.1 of the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this Order, without further action by anyone, upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, that Plaintiffs and each and every member of the Settlement Class shall have released the Released Claims against the Released Parties. Notwithstanding the foregoing, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

4

14.     <u>Future Prosecutions Barred</u>. Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Claims against any of the Released Parties.

15.     <u>No Admission of Liability</u>. The Court hereby decrees that the Settlement, this Order, and the fact of the Settlement do not constitute admissions or concessions by Forefront of any fault, wrongdoing, or liability whatsoever, or an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Forefront or any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

16.     <u>Attorneys' Fees and Expenses</u>. Class Counsel are awarded attorneys' fees in the amount of $_____, and reimbursement of costs and expenses in the amount of $_____, and such amounts shall be paid by the Settlement Administrator pursuant to and consistent with the terms of the Settlement.

17.     <u>Service Awards</u>. The Class Representatives are each awarded a Service Award in the amount of $_____, and such amounts shall be paid by the Settlement Administrator pursuant to and consistent with the terms of the Settlement Agreement.

18.     <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Plaintiffs, by and through Class Counsel, and Forefront are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of members of the Settlement Class in connection with the

Settlement. Without further order of the Court, Plaintiffs, by and through Class Counsel, and Forefront may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Order in any way, the Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions pursuant to the Settlement; (b) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement Agreement and the Settlement.

20. <u>Termination of Settlement</u>. If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class members, and Forefront, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.


**IT IS SO ORDERED, ADJUDGED, AND DECREED:**


Date: _____, 202_


_____
HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

IN RE FOREFRONT DATA
BREACH LITIGATION

This Document Relates to: ALL
ACTIONS.

Case No. 1:21-cv-00887-LA

Hon. Lynn Adelman

**[PROPOSED] JUDGMENT**

On [date], the Court [granted] Plaintiffs' motion for final approval of their Settlement with

Forefront Dermatology, S.C. and Forefront Management, LLC, and [granted] Plaintiffs' motion

for a Fee and Expense Award and Service Payments. ECF No. __. Judgment is hereby entered.

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _____, 202_

_____
HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE

# Exhibit D

*In re Forefront Ransomware Attack Litigation,*
*Case No. 1:21-cv-00887-LA (U.S. District Court for the Eastern District of Wisconsin)*

# Notice of Forefront Ransomware Attack Class Action Settlement

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*
*Please read this Notice carefully and completely.*

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web*
*www.forefrontsettlement.com.*

- A Settlement has been proposed in a class action lawsuit against Forefront Dermatology, S.C. and Forefront Management, LLC (together, "Defendants" or "Forefront"), relating to a ransomware attack that initially began in May 2021, when the IT network of Forefront was hacked in a sophisticated criminal cyberattack affecting certain Forefront files that may have contained information of Forefront's patients, employees, and/or other affiliated persons (the "Attack" or "Ransomware Attack"). As a result, Personal Information of millions of individuals who are or were patients, employees, or otherwise affiliated with Forefront may have been accessed by unauthorized persons. The plaintiffs allege that the Personal Information obtained may have included, without limitation, names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), drivers' license information, tax records, bank account and routing information, and other personally identifying information, as well as information used to process health insurance claims, prescription information, medical records and data, and other personal health information. Forefront has no evidence that patient Social Security numbers, driver's license numbers, or financial account/payment card information were involved. If you were notified by Forefront that your Personal Information may have been compromised as a result of the Forefront Ransomware Attack, you are included in this Settlement as a member of the Settlement Class.

- Under the Settlement, Forefront has agreed to establish a $3.75 million Settlement Fund to: (1) pay for two years of credit monitoring and insurance services ("Credit Monitoring and Insurance Services" or "CMIS"); (2) provide cash payments of up to $10,000 per Class Member for reimbursement of certain Documented Losses ("Documented Loss Payment"); and/or (3) provide cash payments of up to $125 per Class Member for reimbursement of Lost Time ("Lost Time Payment"); **or, alternatively**, (4) provide cash payments to Class Members ("Cash Fund Payment"). The Settlement Fund will also be used to pay for the costs of the settlement administration, court-approved Service Awards for named Plaintiffs, and the Fee Award and Costs. In addition, Forefront has agreed to undertake certain remedial measures and enhanced security measures that they will continue to implement.

- Your legal rights will be affected whether you act or do not act. You should read this entire Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM FORM**<br>**EARLIEST DEADLINE: [xxxx xx, 202X]** | Submitting a Claim Form is the only way that you can receive any of the Settlement Benefits provided by this Settlement, including Credit Monitoring and Insurance Services, a Documented Loss Payment, Lost Time Payment, or a Cash Fund Payment.<br><br>If you submit a Claim Form, you will give up the right to sue Forefront and certain Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT**<br>**DEADLINE: [XXXX XX, 202X]** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Forefront, or certain Released Parties (as defined in the Settlement Agreement), for the claims this Settlement resolves.<br><br>If you exclude yourself, you will give up the right to receive any Settlement Benefits from this Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT**<br>**DEADLINE: [XXXX XX, 202X]** | You may object to the Settlement by writing to the Court and informing it why you do not think the Settlement should be approved. You can also write the Court to provide comments or reasons why you support the Settlement.<br><br>If you object, you may also file a Claim Form to receive Settlement Benefits, but you will give up the right to sue Forefront and Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **GO TO THE "FINAL APPROVAL" HEARING**<br>**DATE: XXXX XX, 202X** | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are not required to attend the Final Approval Hearing. |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.forefrontsettlement.com or call 1-888-888-8888.**

| DO NOTHING | If you do nothing, you will not receive any of the monetary Settlement Benefits and you will give up your rights to sue Forefront and certain Released Parties for the claims this Settlement resolves. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement Benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

## BASIC INFORMATION

**1.       Why did I get this Notice?**

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Honorable Lynn Adelman of the United States District Court for the Eastern District of Wisconsin is overseeing this class action. The case is known as *In re Forefront Data Breach Litigation,* Case No. 1:21-cv-00887-LA (E.D. Wis.) (the "Action"). The people who filed this lawsuit are called the "Plaintiffs" and the companies they sued, Forefront Dermatology, S.C. and Forefront Management, LLC are called the "Defendants." The Plaintiffs and the Defendants agreed to this Settlement.

**2.       What is this lawsuit about?**

In May 2021, cyber criminals attempted to illegally access information stored on Forefront's IT network. As a result, Personal Information of approximately 2.4 million individuals who are or were patients, employees, or otherwise affiliated with Forefront may have been accessed. The plaintiffs allege that the impacted Personal Information may have included names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), drivers' license information, tax records, bank account and routing information, and other personally identifying information, as well as information used to process health insurance claims, prescription information, medical records and data, and other personal health information. Forefront has no evidence that patient Social Security numbers, driver's license numbers, or financial account/payment card information were involved.

The Plaintiffs claim that Forefront failed to adequately protect their Personal Information and that they were injured as a result. Forefront denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that the law has been violated. Forefront denies these and all other claims made in the Action. By entering into the Settlement, Forefront is not admitting that it did anything wrong.

**3.       Why is this a class action?**

In a class action, one or more people called the Class Representatives sue on behalf of all people who have similar claims. Together all of these people are called a Class or Class Members. One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The Class Representatives in this case are Judith Leitermann, Lynn Anderson, and Milan E. Kunzelmann.

**4.       Why is there a Settlement?**

The Class Representatives and Forefront do not agree about the claims made in this Action. The Action has not gone to trial, and the Court has not decided in favor of the Class Representatives or Forefront. Instead, the Class Representatives and Forefront have agreed to settle the Action. The Class Representatives and the attorneys for the Class ("Class Counsel") believe the Settlement is best for all Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Forefront.

## WHO IS INCLUDED IN THE SETTLEMENT

**5.       How do I know if I am part of the Settlement?**

The Court has decided that everyone who fits the following description is a Class Member:

> All natural persons who are residents of the United States whose Personal Information was potentially compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack.

If you received Notice of this Settlement by mail or email, you are a Class Member, and your legal rights are affected by this Settlement.

If you did not receive Notice by mail or email, or if you have any questions as to whether you are a Class Member, you may contact the Settlement Administrator.

**Questions? Go to www.forefrontsettlement.com or call 1-888-888-8888.**
**This Settlement affects your legal rights even if you do nothing.**
2

**6.     Are there exceptions to individuals who are included as Class Members in the Settlement?**

Yes, the Settlement does not include: (1) the Judges presiding over the Action and members of their families; (2) Forefront, its subsidiaries, parent companies, successors, predecessors, and any entity in which Forefront or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

**7.     What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Class Member, you may go to the Settlement Website at www.forefrontsettlement.com, or call the Settlement Administrator's toll-free number at 1-888-888-8888.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**8.     What does the Settlement provide?**

The Settlement will provide Class Members with the opportunity to select and make a claim for one the following Settlement Benefits:

- Two years of Credit Monitoring and Insurance Services;

  **and/or**

- Cash payments of up to $10,000 per Class Member for reimbursement of certain Documented Losses ("Documented Loss Payment");

  **and/or**

- Cash payments of up to $125 per Class Member for reimbursement of Lost Time ("Lost Time Payment").

**In the alternative** to the above Settlement Benefits, Class Members may elect to receive Cash Fund Payments in amounts to be determined in accordance with the terms of the Settlement.

In addition, Forefront has agreed to take certain remedial measures and enhanced security measures as a result of this Action.

Please review Number 13 carefully for additional information regarding the order in which Settlement Benefits are paid from the Settlement Fund. This additional information may impact your decision as to which of the three Settlement Benefit options is the best option for you.

**9.     Credit Monitoring and Insurance Services.**

You may file a Claim Form to receive Credit Monitoring and Insurance Services. Credit Monitoring and Insurance Services provide a way to protect yourself from unauthorized use of your personal information. If you already have credit monitoring services, you may still sign up for this additional protection. The Credit Monitoring and Insurance Services provided by this Settlement are separate from, and in addition to, the credit monitoring and identity resolution services that may have been offered to you by Forefront in response to the Ransomware Attack. You are eligible to make a claim for the Credit Monitoring and Insurance Services being offered through this Settlement even if you did not sign up for the previous services. If you file a claim for Credit Monitoring and Insurance Services and you already have credit monitoring services, you can choose to postpone the Credit Monitoring and Insurance Services from this Settlement for a period of 12 months.

Credit Monitoring and Insurance Services include: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) three bureau credit monitoring providing notice of changes to the Class Member's credit profile. The estimated retail value for two years of the Credit Monitoring and Insurance Services product is $720.

To receive Credit Monitoring and Insurance Services, you must submit a completed Claim Form selecting to receive Credit Monitoring and Insurance Services.

**10.     Documented Loss Payment.**

In addition to Credit Monitoring and Insurance Services, you may elect to submit a Claim Form for reimbursement of Documented Losses. If you spent money remedying or addressing identity theft and fraud that was more likely than not related to the Forefront Ransomware Attack or you spent money to protect yourself from future harm because of the Forefront Ransomware Attack, and this amount was not otherwise recoverable through insurance, you may make a claim for a Documented Loss Payment for reimbursement of up to $10,000 in Documented Losses.

Documented Losses consist of unreimbursed losses incurred on or after May 28, 2021, that were related to identity theft and fraud and are more likely than not a result of the Forefront Ransomware Attack, as well as any expenses related to the Forefront Ransomware Attack. For example, credit card or debit card cancellation or replacement fees, late fees, declined payment fees, overdraft fees, returned

check fees, customer service fees, credit-related costs associated with purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, costs to replace a driver's license, state identification card, Social Security number, professional services, and out-of-pocket expenses for notary, fax, postage, delivery, copying, mileage, and long-distance telephone charges. Other losses or costs related to the Forefront Ransomware Attack that are not insurance reimbursable may also be eligible for reimbursement. To protect the Settlement Fund and valid claims, all Claim Forms submitted that seek payment related to credit or debit card fraudulent transactions will be carefully scrutinized by the Settlement Administrator.

Claims for Documented Loss Payments must be supported by Reasonable Documentation. Reasonable Documentation means written documents supporting your claim, such as credit card statements, bank statements, invoices, telephone records, and receipts.

Individual cash payments may be reduced or increased *pro rata* (equal share) depending on the number of Class Members that participate in the Settlement.

To receive a Documented Loss Payment, you must submit a completed Claim Form electing to receive a Documented Loss Payment. If you file a Claim Form for a Documented Loss Payment and it is rejected by the Settlement Administrator and you do not correct it, and you have not otherwise claimed Credit Monitoring and Insurance Services and/or a Lost Time Payment, your Claim Form will be considered as an alternative claim for a Cash Fund Payment.

**11.      Lost Time Payment**

In addition to Credit Monitoring and Insurance Services and a Documented Loss Payment, you may elect to submit a Claim Form for reimbursement of Lost Time. If you lost time related to your efforts undertaken to prevent or mitigate fraud and identity theft following announcement of the Ransomware Attack, you may make a claim for Lost Time Payment for up to five (5) hours of lost time at a rate of $25 per hour, for a maximum of $125.

Claims for Lost Time Payment must be supported by a brief narrative of the nature of the lost time and other mitigation efforts for which payment is sought.

**12.      Cash Fund Payment.**

In the alternative to Credit Monitoring and Insurance Services, Documented Loss Payment, or Lost Time Payment, you may elect to receive a cash payment. This is the "Cash Fund Payment." The amount of the Cash Fund Payment will vary depending on the number of valid claims that are submitted. To receive a Cash Fund Payment, you must submit a completed Claim Form electing to receive a Cash Fund Payment.

You are <u>not</u> required to provide Reasonable Documentation with your Claim Form to receive a Cash Fund Payment. Individual Cash Fund Payments may be reduced or increased *pro rata* (equal share) depending on the number of Class Members that participate in the Settlement and the amount of money that remains in the Cash Fund after payments of other Settlement Benefits and charges with priority for payment under the Settlement. *See* Number 13 below.

**13.      How will Settlement Benefits be paid?**

Before determining which Settlement Benefit option from the Settlement is best for you (selecting a Cash Fund Payment, or Credit Monitoring and Insurance Services, Documented Loss Payment, and/or Lost Time Payment), it is important for you to understand how Settlement payments will be made. Court awarded attorneys' fees up to a maximum of 33 1/3% of the $3.75 million Settlement Fund (i.e., $1,250,000), reasonable costs and expenses incurred by attorneys for the Class, Administrative Expenses for costs of the settlement administration, and Service Awards of up to $2,500 to each of the Class Representatives will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts. The remainder of the Settlement Fund will be distributed in the following order:

1.    Credit Monitoring and Insurance Services claims will be paid first.
2.    If money remains in the Settlement Fund after paying for the Credit Monitoring and Insurance Services, Documented Loss Payment and Lost Time Payment claims will be paid second. If your claim for a Documented Loss Payment is rejected by the Settlement Administrator and you do not cure it, and you have not otherwise made a claim for Credit Monitoring and Insurance Services and/or a Lost Time Payment, your claim for a Documented Loss Payment will instead be considered a claim for a Cash Fund Payment.
3.    If money remains in the Settlement Fund after paying Credit Monitoring and Insurance Services claims, Documented Loss Payment claims, and Lost Time Payment claims, the amount of the Settlement Fund remaining will be used to create a "Post DC Net Settlement Fund," which will be used to pay all Cash Fund Payment claims.

**14.      Tell me more about Forefront's remedial measures and enhanced security measures.**

As a result of the Action, for a period of two (2) years from the Effective Date of this Agreement, Forefront has agreed to institute policies, procedures, and additional security-related remedial measures, including:

**Questions? Go to www.forefrontsettlement.com or call 1-888-888-8888.**
**This Settlement affects your legal rights even if you do nothing.**
4
Case 1:21-cv-00887-LA   Filed 09/01/22   Page 52 of 79   Document 57-1

(i)     Implement and maintain two-factor authentication throughout their systems, where reasonably appropriate and practicable;

(ii)     Retain qualified third-party vendor(s) to assist in augmenting Forefront's information and data security and Forefront's information and data security business practices;

(iii)     Retain qualified third-party vendor(s) to provide real-time support to Forefront regarding its information and data security;

(iv)     Implement, where reasonably appropriate and practicable, immutable storage across Forefront's information technology network(s) to avoid tampering with and/or deleting any backups;

(v)     Implement single sign-on; lifecycle management; and adaptive, multi-factor authentication services, where available;

(vi)     Enhance endpoint management and security for all Forefront computers, including desktops, servers, and tablets; and

(vii)     Implement, where reasonably appropriate and practicable, best practices for active directories, servers, and work stations.

## 15.     What is the total value of the Settlement?

The Settlement provides a $3.75 million Settlement Fund and remedial actions to be taken by Forefront for the benefit of the Class. Any court-approved attorneys' fees, costs, and expenses, Service Awards to the Class Representatives, taxes due on any interest earned by the Settlement Fund, if necessary, and any notice and settlement administration expenses will be paid out of the Settlement Fund, and the balance ("Net Settlement Fund") will be used to pay for the above Settlement Benefits. Any costs associated with Forefront's remedial and enhanced security measures will be paid by Forefront in addition to the Settlement Fund.

## 16.     What am I giving up to get a Settlement Benefit or stay in the Class?

Unless you remain in the Class, you are choosing to remain in the Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Forefront and the Released Parties about the legal issues in this Action, resolved by this Settlement and released by the Class Action Settlement Agreement and Release. The specific rights you are giving up are called Released Claims (*see* next question).

## 17.     What are the Released Claims?

In exchange for the Settlement, Class Members agree to release Forefront and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, equityholders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing ("Released Parties") from any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fees, costs, and expenses, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined in the Settlement Agreement), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that was or could have been asserted on behalf of the Settlement Class in the Action related to or arising from the compromise of any Class Member's Personal Information arising out of the Ransomware Attack ("Released Claims"). "Released Parties" expressly includes, but is not limited to: Partners Group Access PF 304 L.P.; OPE Forefront Investment Limited; Forefront Physicians Holdings, LLC; Forefront Management Aggregator, LLC; Dermatology Holdings GP, LLC; Dermatology Holdings, L.P.; Dermatology Intermediate Holdings I, Inc.; Dermatology Intermediate Holdings II, Inc.; Dermatology Intermediate Holdings III, Inc.; Dermatology Acquisition, Inc.; Dermatology Blocker I, Inc.; Dermatology Blocker II, Inc.; Dermatology Acquisition Holdings, LLC; Dermatology Intermediate Holdings, LLC; Forefront Management Holdings, LLC; and Forefront ASC, LLC. "Released Claims" do not include any claims against any entity other than Released Parties.

The Class Representatives and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Ransomware Attack or otherwise arises out of the same facts and circumstances set forth in the Consolidated Class Action Complaint in this Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any unidentified third party.

More information is provided in the Class Action Settlement Agreement and Release which is available at www.forefrontsettlement.com.

**Questions? Go to www.forefrontsettlement.com or call 1-888-888-8888.**
**This Settlement affects your legal rights even if you do nothing.**
Case 1:21-cv-00887-LA   Filed 09/01/22   Page 53 of 79   Document 57-1
5

## HOW TO GET SETTLEMENT BENEFITS—SUBMITTING A CLAIM FORM

**18.      How do I make a claim for Settlement Benefits?**

You must complete and submit a Claim Form by **xxxx xx, 202X**. Claim Forms may be submitted online at www.forefrontsettlement.com, or printed from the website and mailed to the Settlement Administrator at the address on the form. Claim Forms are also available by calling 1-**888-888-8888** or by writing to Forefront Data Breach Settlement, P.O. Box _____, _____. The quickest way to file a claim is online.

If you received a Notice by mail, use your Claim Number to file your Claim Form. If you lost or do not know your Claim Number, please call 1-**888-888-8888** to obtain it.

You may submit a claim for a Cash Fund Payment or, in the alternative, a claim for Credit Monitoring and Insurance Services, Documented Loss Payment, and/or Lost Time Payment by submitting a Claim Form on the Settlement Website, or by downloading, printing, and completing a Claim Form, and mailing it to the Settlement Administrator.

Of the Settlement Benefits provided under the Settlement, you may file a claim for either: 1) a Cash Fund Payment, or, in the alternative, 2) Credit Monitoring and Insurance Services, 3) a Documented Loss Payment, and/or 4) a Lost Time Payment.

**19.      How do I make a claim for a Cash Fund Payment?**

To file a claim for a Cash Fund Payment, you must submit a valid Claim Form electing to receive the Cash Fund Payment. To submit a claim for a Cash Fund Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **xxxx xx, 202X**.

If you wish to receive your payment via digital payment method options instead of a check, simply provide your email address (optional). Anyone who submits a valid claim for Cash Fund Payment and does not elect to receive a digital payment, will receive their payment via regular check sent through U.S. Mail.

Instructions for filling out a claim for a Cash Fund Payment are included on the Claim Form. You may access the Claim Form at www.forefrontsettlement.com.

The deadline to file a claim for a Cash Fund Payment is **xxxx xx, 202X**. Claims must be filed or postmarked if mailed by this deadline.

**20.      How do I make a claim for Credit Monitoring and Insurance Services?**

To file a claim for Credit Monitoring and Insurance Services, you must submit a valid Claim Form electing to receive Credit Monitoring and Insurance Services. To submit a claim for Credit Monitoring and Insurance Services, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **xxxx xx, 202X**.

Instructions for filling out a claim for Credit Monitoring and Insurance Services are included on the Claim Form. You may access the Claim Form at www.forefrontsettlement.com.

The deadline to file a claim for Credit Monitoring and Insurance Services is **xxxx xx, 202X**. Claims must be filed or postmarked if mailed by this deadline

**21.      How do I make a claim for a Documented Loss Payment for reimbursement?**

To file a claim for a Documented Loss Payment of up to $10,000 for reimbursement of Documented Losses, you must submit a valid Claim Form electing to receive a Documented Loss Payment. To submit a claim for a Documented Loss Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before **xxxx xx, 202X**.

The Claim Form requires that you sign the attestation regarding the information you provided <u>and</u> that you include Reasonable Documentation, such as credit card statements, bank statements, invoices, telephone records, and receipts.

If your claim for a Documented Loss Payment is rejected by the Settlement Administrator and you do not correct it, and you do not otherwise make a claim for Credit Monitoring and Insurance Services and/or a Lost Time Payment, your claim for a Documented Loss Payment will instead be considered a claim for a Cash Fund Payment.

Instructions for filling out a claim for a Documented Loss Payment are included on the Claim Form. You may access the Claim Form at www.forefrontsettlement.com.

The deadline to file a claim for a Documented Loss Payment is **xxxx xx, 202X**. Claims must be filed or postmarked if mailed by this deadline.

**Questions? Go to www.forefrontsettlement.com or call 1-888-888-8888.**
**This Settlement affects your legal rights even if you do nothing.**
6

Case 1:21-cv-00887-LA   Filed 09/01/22   Page 54 of 79   Document 57-1

**22. How do I make a claim for a Lost Time Payment for reimbursement?**

To file a claim for a Lost Time Payment of up to $125, you must submit a valid Claim Form electing to receive a Lost Time Payment. To submit a claim for a Lost Time Payment, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before ==xxxx xx==, **2022.**

The Claim Form requires that you indicate the number of hours (up to 5) lost to efforts undertaken to prevent or mitigate fraud or identity theft following the announcement of the Ransomware Attack and provide a brief narrative of the nature of the lost time and other mitigation efforts for which payment is sought. The Claim Form also requires that you sign the attestation regarding the information you provided concerning Lost Time.

Instructions for filling out a claim for a Lost Time Payment are included on the Claim Form. You may access the Claim Form at www.forefrontsettlement.com.

The deadline to file a claim for a Lost Time Payment is ==xxxx xx==, **202==X==.** Claims must be filed or postmarked if mailed by this deadline.

**23. What happens if my contact information changes after I submit a claim?**

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling 1-==888-888-8888== or by writing to:

Forefront Data Breach Settlement Administrator
==P.O. Box XXXX==
==XXXXXX, XX XXXXX==

**24. When and how will I receive the Settlement Benefits I claim from the Settlement?**

If you make a valid claim for Credit Monitoring and Insurance Services, the Settlement Administrator will send you information on how to activate your credit monitoring after the Settlement becomes final. If you received a notice in the mail, keep it in a safe place as you will need the unique Claim Number provided on the Notice to activate your Credit Monitoring and Insurance Services.

Payment for valid claims for a Cash Fund Payment, Documented Loss Payment, or Lost Time Payment will be provided by the Settlement Administrator after the Settlement is approved and becomes final. You may elect to receive payment for valid claims for a Cash Fund Payment, Documented Loss Payment or Lost Time Payment via PayPal, Venmo, or digital payment card instead of a check, by submitting your e-mail address with your Claim Form. Anyone who does not elect to receive payment via PayPal, Venmo, or digital payment card, will receive their payment via regular check sent through U.S. Mail.

The approval process may take time. Please be patient and check www.forefrontsettlement.com for updates.

**25. What happens if money remains after all of the Settlement Claims are paid?**

None of the money in the $3.75 million Settlement Fund will be paid back to Forefront. Any money left in the Settlement Fund after 150 days after the distribution of payments to Class Members will be distributed *pro rata* (equal share) among all Class Members with approved claims, who cashed or deposited their initial check or received the Settlement proceeds through digital means, as long as the average payment amount is $3 or more. If there is not enough money to provide qualifying Class Members with an additional $3 payment, and if possible, the remaining Net Settlement Fund will be used to extend the CMIS to Class Members receiving that benefit for as long as possible.

# THE LAWYERS REPRESENTING YOU

**26. Do I have a lawyer in this case?**

Yes, the Court has appointed Tina Wolfson and Andrew W. Ferich of Ahdoot & Wolfson, PC, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, as Class Counsel to represent you and the Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

**27. How will Class Counsel be paid?**

Class Counsel will file a motion asking the Court to award them attorneys' fees of up to a maximum of 33 1/3% of the $3.75 million Settlement Fund (i.e., $1,250,000), plus reasonable costs and expenses. They will also ask the Court to approve up to $2,500 Service Awards to each of the Class Representatives for participating in this Action and for their efforts in achieving the Settlement. If awarded, these amounts will be deducted from the Settlement Fund before making payments to Class Members. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees and expenses, and Service Awards will be made available on the Settlement Website at www.forefrontsettlement.com before the deadline for you to comment or object to the Settlement. You can request a copy of the application by contacting the Settlement Administrator, at 1-==888-888-8888.==

**Questions? Go to www.forefrontsettlement.com or call 1-==888-888-8888==.**
**This Settlement affects your legal rights even if you do nothing.**

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member and want to keep any right you may have to sue or continue to sue Forefront and/or the Released Parties on your own based on the claims raised in this Action or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement.

**28.    How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must complete and sign a Request for Exclusion. The Request for Exclusion must be in writing and identify the case name *In re Forefront Data Breach Litigation*, Case No. 1:21-cv-00887-LA (E.D. Wis.); state the name, address and telephone number of the Class Members seeking exclusion; be physically signed by the Person(s) seeking exclusion; and must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *In re Forefront Data Breach Litigation*, Case No. 1:21-cv-00887-LA (E.D. Wis.)" The Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator at the address below no later than **xxxx xx, 202X**:

Forefront Data Breach Settlement Administrator
P.O. Box XXXX
XXXXXXX, XX XXXXX

You cannot exclude yourself by telephone or by e-mail.

**29.    If I exclude myself, can I still get Credit Monitoring and Insurance Services, or a Settlement Payment?**

No. If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You can only get Credit Monitoring and Insurance Services, or a cash payment if you stay in the Settlement and submit a valid Claim Form.

**30.    If I do not exclude myself, can I sue Forefront for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Forefront and Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Action to start or continue with your own lawsuit or be part of any other lawsuit against Forefront or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

**31.    How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Forefront Data Breach Litigation*, Case No. 1:21-cv-00887-LA (E.D. Wis.)); (b) state your full name, current mailing address, and telephone number; (c) contain a signed statement that 35you believe you are a member of the Settlement Class; (d) identify the specific grounds for the objection; (e) include all documents or writings that you desire the Court to consider; (f) contain a statement regarding whether you (or counsel of your choosing) intend to appear at the Final Approval Hearing; (g) be submitted to the Court either by mailing them to the Clerk's Office, United States District Court for the Eastern District of Wisconsin (Green Bay Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin 54301-4541, or by filing the objection in person at any location of the United States District Court for the Eastern District of Wisconsin; and (h) be filed with the Court or postmarked on or before **xxxx xx, 202X**.

**32.    What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

**33.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **xxxx xx, 202X** at **_:_0_.m.** before the Honorable Lynn Adelman, United States District Court for the Eastern District of Wisconsin (Green Bay Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin 54301-4541.

The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class. Class Members should monitor the Settlement Website or the Court's PACER site (see Question 37) to confirm whether the date for the Final Approval Hearing is changed.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve: the Settlement; Class Counsel's application for attorneys' fees, costs and expenses; and the Service Awards to the Class Representatives. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

**34.     Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time the Court will consider it.

**35.     May I speak at the Final Approval Hearing?**

Yes. If you wish to attend and speak at the Final Approval Hearing, you must indicate this in your written objection (see Question 31). Your objection must state that it is your intention to appear at the Final Approval Hearing and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Fairness Hearing, your objection must also include your attorney's name, address, and phone number.

## IF YOU DO NOTHING

**36.     What happens if I do nothing at all?**

If you are a Class Member and you do nothing, you will not receive any Settlement Benefits. You will also give up certain rights, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Forefront or any of the Released Parties about the legal issues in this Action and released by the Settlement Agreement.

## GETTING MORE INFORMATION

**37.     How do I get more information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.forefrontsettlement.com, or by contacting Class Counsel (see below), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk's Office, United States District Court for the Eastern District of Wisconsin (Green Bay Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin 54301-4541, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

If you have questions about the proposed Settlement or anything in this Notice, you may contact Class Counsel at:

| | |
|---|---|
| Tina Wolfson and Andrew Ferich of Ahdoot & Wolfson, PC c/o Forefront Data Breach Settlement ——————— *info@FTADataBreach.com* | Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC c/o Forefront Data Breach Settlement ——————— *info@FTADataBreach.com* |

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**Questions? Go to www.forefrontsettlement.com or call 1-888-888-8888.**
**This Settlement affects your legal rights even if you do nothing.**
9

# Exhibit E

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE FOREFRONT DATA BREACH LITIGATION<br><br>This Document Relates to: ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>)   Master File No. 1:21-cv-00887-LA<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

The Court having held a Preliminary Approval Hearing on _____

\_\_, 2022, at _____ \_.m., in the Courtroom of The Honorable Lynn Adelman, United States

District Court for the Eastern District of Wisconsin (Green Division), Jefferson Court Building,

125 S. Jefferson St., Room 102, Green Bay, Wisconsin 54301-4541, and having considered all

matters submitted to it at the Preliminary Approval Hearing and otherwise, and finding no just

reason for delay in entry of this Order Granting Preliminary Approval of Class Action Settlement

(this "Order") and good cause appearing therefore, and having considered the papers filed and

proceedings held in connection with the Settlement, having considered all of the other files,

records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.      The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for

Preliminary Approval ("Motion for Preliminary Approval") as Exhibit 1 is incorporated fully

herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

2. The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Judith Leitermann, Lynn Anderson, and Milan E. Kunzelmann, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendants Forefront Dermatology, S.C. and Forefront Management LLC ("Forefront" or "Defendants" and together with Plaintiffs, the "Parties").

3. This Order is based on Federal Rules of Civil Procedure 23 ("Rule 23").

4. The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiffs' Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members, pursuant to Rule 23(e).

## PROCEDURAL HISTORY

5. This case involves a putative class action against Forefront relating to a Ransomware Attack that potentially allowed an unauthorized actor to access the Personal Information of approximately 2,413,552 of Forefront's patients, employees, employee beneficiaries, and other individuals from May 28, 2021 to June 4, 2021. Forefront detected the intrusion on June 4, 2022 and announced the Ransomware Attack in a Notice of Data Breach sent to customers on June 24, 2021.

6. On July 28, 2021, Plaintiff Leitermann filed her Complaint alleging, among other things, that Forefront failed to take adequate measures to protect her and other putative Class Members' Personal Information and failed to disclose that Forefront's systems were susceptible to a cyberattack. ECF No. 1. On July 29, 2021, Plaintiff Anderson filed suit against Forefront

related to the Ransomware Attack. S*ee Anderson v. Forefront Dermatology, S.C., et al.*, No. 1:21-cv-00891, ECF No. 1. On August 17, 2021, Plaintiffs Leitermann and Anderson moved to consolidate the actions under Federal Rule of Civil Procedure 42(a), and the Court granted that motion on August 19, 2022. ECF Nos. 9, 11. *See* Fed. R. Civ. P. 42(a). That same day, on August 19, 2021, Plaintiff Kunzelmann filed a class action complaint against Forefront. *See Kunzelmann v. Forefront Dermatology SC et al*, Case No. 1:21-CV-00980, ECF No. 1. Plaintiffs Leitermann, Anderson, and Kunzelman thereafter moved to consolidate their cases[1] on September 7, 2021, and the motion was granted by the Court on September 21, 2021. ECF Nos. 19, 20.

7.      On September 21, 2021, Jeanette Alonso filed a putative class action complaint against Forefront,[2] and, on November 11, 2021, she moved to consolidate her case with the Related Actions and simultaneously moved the Court to appoint her counsel as interim lead counsel. ECF Nos. 21, 22. Plaintiffs in the Related Actions and Forefront opposed the respective motions, and the Court ordered the *Alonso* action consolidated with the instant case but denied Alonso's motion to appoint interim lead counsel. ECF Nos. 31, 33. On January 27, 2022, the Court appointed Gary M. Klinger and Tina Wolfson as interim lead counsel ("Class Counsel"). ECF No. 34. Plaintiffs Leitermann, Anderson, and Kunzelmann filed their Consolidated Class Action Complaint ("Consolidated Complaint" or "*Comp.*") on February 28, 2022. ECF No. 35.

8.      The Consolidated Complaint alleges that Plaintiffs' Private Information was compromised during the Ransomware Attack, including patient names, addresses, dates of birth, patient account numbers, health insurance plan member identification numbers, medical record

---

[1] Hereinafter the "Related Actions."

[2] *See Alonso v. Forefront Dermatology SC et al*, Case No. 1:21-CV-01105, ECF No. 1.

numbers, dates of service, accession numbers, provider names, and/or medical and clinical treatment information. Comp., ¶ 50.

9. The Complaint alleges five causes of action: (1) Negligence; (2) Breach of Implied Contract; (3) Unjust Enrichment; (4) Breach of Fiduciary Duty; and (5) Breach of Confidence.

## SETTLEMENT BENEFITS

10. The Settlement negotiated on behalf of the Class provides for a $3,750,000 non-reversionary Settlement Fund. Settlement Class Members may qualify and submit a Claim Form for a proportional share of the following Settlement Benefits:

    a. Credit Monitoring and Insurance Services: Each Settlement Class Member is eligible to submit a claim for two (2) years of three-bureau credit monitoring and up to $1,000,000 of insurance coverage for identity theft incidents. The Credit Monitoring and Insurance Services ("CMIS") option will include credit monitoring, fraud consultation, and identity theft restoration services.

    b. Documented Loss Payment: Each Settlement Class Member is eligible to submit a claim for up to $10,000 in documented losses, called a Documented Loss Payment. To do so, Settlement Class Members must submit: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Class Member fails to cure his or her claim, the claim will be rejected.

4

c. <u>Lost Time Payment</u>: Each Settlement Class Member is eligible to submit a claim for lost time related to their efforts undertaken to prevent or mitigate fraud and identity theft following the announcement of the Ransomware Attack, called a Lost Time Payment. Settlement Class Members may claim up to five (5) hours of lost time at a rate of $25 per hour, for a maximum of $125. A Settlement Class Member who submits a Lost Time Payment claim will be required to provide a brief narrative of the nature of the lost time and other mitigation efforts for which payment is being sought.

d. <u>Cash Fund Payment</u>: ***<u>In the alternative to all the foregoing settlement benefits</u>***, Settlement Class Members may instead elect to receive a Cash Fund Payment. Settlement Class Members who submit a Claim for a Cash Fund Payment will not be entitled to select the CMIS, Documented Loss Payment, or Lost Time Payment benefits.

e. In addition to monetary benefits, Forefront will implement data security measures and enhancements to help better protect Plaintiffs' and Settlement Class Members' Private Information.

11. To calculate the pro rata share for each benefit, the Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by Class Members. In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. If Settlement Funds remain after paying for claims for CMIS, the Settlement Administrator will use the remaining Settlement Fund to pay Documented Loss Payments and Lost Time Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments, Lost Time Payments, and CMIS

payments are made shall be referred to as the "Post DC Net Settlement Fund." If any funds remain in the Post DC Net Settlement Fund, those funds will be distributed on a pro rata basis to Settlement Class Members who make claims for the alternative Cash Fund Payment. The amount of each Cash Fund Payment shall be calculated by dividing the Post DC Net Settlement Fund by the number of valid claims submitted. In the event the Net Settlement Fund is insufficient to cover the payment for the CMIS claimed by Class Members, the duration of the CMIS coverage will be reduced to exhaust the fund. In such an event, no Net Settlement Funds will be distributed to Claimants for Approved Claims for Documented Loss Payments or for Cash Fund Payments. In the event that the aggregate amount of all Documented Loss Payments and payments for the CMIS exceeds the total amount of the Net Settlement Fund, then no payments for Lost Time Claims will be made, and the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a pro rata basis, such that the aggregate value of all Documented Loss Payments and payments due for CMIS does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments.

12. To the extent any monies remain in the Net Settlement Fund more than one hundred fifty (150) days after the distribution of Settlement Payments to the Class Members, a subsequent Settlement Payment will be evenly made to all Class Members with Approved Claims who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check amount in a distribution is less than Three Dollars and No Cents ($3.00). If the average check amount in a distribution would be less than Three Dollars and No Cents ($3.00), and if possible, the remaining Net Settlement Fund will be used to extend the CMIS to Class Members receiving that benefit for as long as possible.

13.     No portion of the Settlement Fund shall revert or be repaid to Forefront after the Effective Date.

14.     This Settlement is not a reversionary settlement. As of the Effective Date, all rights of Forefront and/or its insurer in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, pursuant to the Settlement Agreement. In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Forefront and/or its insurers.

## CLASS CERTIFICATION

15.     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(c)(1)(b) ("Rule 23"), the Court provisionally certifies the class, defined as follows:

> [A]ll natural persons who are residents of the United States whose Personal Information was potentially compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack.

Fed. R. Civ. P. 23(c)(1)(b).

16.     The Settlement Class specifically excludes: (1) the Judges presiding over the Action and members of their families; (2) Forefront, its subsidiaries, parent companies, successors, predecessors, and any entity in which Forefront or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person. *Id.*

17.     The Court provisionally finds, pursuant to Rule 23(a) and (b)(3), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class

Representatives will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(a)(1)-(4), (b)(3).

## SETTLEMENT CLASS COUNSEL AND THE CLASS REPRESENTATIVES

18.     Plaintiffs Judith Leitermann, Lynn Anderson, and Milan E. Kunzelmann, as described more fully in the Consolidated Complaint filed in this action, are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

19.     The Court finds that Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and Tina Wolfson and Andrew W. Ferich of Ahdoot & Wolfson, PC are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

## NOTICE TO SETTLEMENT CLASS

20.     No later than thirty-five (35) days after entry of the Preliminary Approval Order (the "Notice Date"), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Summary Notice to the Settlement Class Members as follows:

   a.   For any Settlement Class Member for whom an email address is available, the Settlement Administrator shall email the Summary Notice to such person;

   b.   For any Settlement Class member for whom an email is not available, and to the extent a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in Postcard form) by U.S. mail, postage prepaid;

c.  If any notice that has been emailed is returned as undeliverable, the Settlement Administrator shall attempt two other email executions and, if not successful, the Settlement Administrator will send the Summary Notice (in Postcard form) by U.S. mail, postage prepaid, to the extent a current mailing address is available;

d.  For any Summary Notice that has been mailed via U.S. mail and returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

e.  Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed; and

f.  In the event the Settlement Administrator transmits a Summary Notice via U.S. Mail, then the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals or entities whose names are provided by Forefront.

21.  Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative Consolidated Class Action Complaint in the Action, as

9

well as the date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall further allow for submission of Requests of Exclusion electronically through the Settlement Website.

22.     The Summary Notice, Long Notice, and Claim Form, attached as Exhibits F, D, and A, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process under Rule 23(c)(2)(b), the United States Constitution, and other applicable laws. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

23.     The Notice Plan set forth in the Settlement Agreement, and described below, satisfies the requirements Rule 23(c)(2)(b), provides the best notice practicable under the circumstances, and is hereby approved.

24.     The Settlement Administrator is directed to carry out Notice and the Notice Plan, as set forth in the Settlement Agreement.

## EXCLUSIONS AND OBJECTIONS

25.     Settlement Class Members who seek to be excluded from the Settlement Class must notify the Settlement Administrator in writing, postmarked no later than seventy-five (75) days

after the Notice Date. Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. In the event a Settlement Class Member submits a Request for Exclusion to the Settlement Administrator via U.S. Mail, such Request for Exclusion must be in writing and must identify the case name *In re Forefront Data Breach Litigation*, No. 1:21-cv-00887-LA (E.D. Wis.); state the name, address, and telephone number of the Settlement Class Member seeking exclusion; be physically signed by the person(s) seeking exclusion; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re Forefront Data Breach Litigation*, No. 1:21-cv-00887-LA (E.D. Wis.)." Any person who elects to request exclusion from the Settlement Class shall not: (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

26.     Settlement Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. A Settlement Class Member who wishes to object to the Settlement Benefits, the Service Awards Requests, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or

why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in the next paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member or other person who wishes the Court to consider, within seventy-five (75) days following the Notice Date.

27.    All written objections and supporting papers must clearly (a) identify the case name and number; (b) state the Settlement Class Member's full name, current mailing address, and telephone number; (c) contain a signed statement by the Settlement Class Member that he or she believes he or she is a member of the Settlement Class; (d) identify the specific grounds for the objection; (e) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (f) include all documents or writings that the Settlement Class Member desires the Court to consider; (g) contain a statement regarding whether the Settlement Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; (h) be submitted to the Court either by mailing them to the Clerk's Office, United States District Court for the Eastern District of Wisconsin (Green Bay Division), Jefferson Court Building, 125 S. Jefferson St., Room 102, Green Bay, Wisconsin, 54301-4541, or by filing them in person at any location of the United States District Court for the Eastern District of Wisconsin; and (h) be filed or postmarked on or before the Objection Deadline, as set forth above.

28.    Any Settlement Class Member who does not make their objections in the manner and by the date set forth in the last paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

29.     Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

30.     Forefront will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court.

## ADMINISTRATION OF SETTLEMENT

31.     The Class Representatives, Settlement Class Counsel, and Forefront have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Sections 3 and 7 of the Settlement Agreement.

32.     The Court appoints Postlethwaite & Netterville Group as Settlement Administrator.

33.     The Court directs that the Settlement Administrator effectuate the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

34.     Settlement Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

35.     If the Final Approval Order and Judgment are entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be

forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

36. The Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses;[3] (ii) any Service Awards; (iii) any Fee Award and Costs; and (iv) any Settlement Payments and/or Settlement Benefits, pursuant to the terms and conditions of the Settlement Agreement.

## FINAL APPROVAL HEARING

37. A Final Approval Hearing shall be held on _____, 2022 at the _____ to be noticed on the Settlement Website.

38. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

39. At the Final Approval Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant Rule 23(a)(1)-(4), (b)(3) & (c)(1)(b); (2) the Settlement should be finally approved as fair, reasonable, and adequate; (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the Releases set forth in the

---

[3] "Administrative Expenses" is defined in the Settlement Agreement as: "[A]ll charges and expenses incurred by the Settlement Administrator in the administration of … [the] Settlement, including, without limitation, all expenses and costs associated with the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement."

Case 1:21-cv-00887-LA    Filed 09/01/22    Page 72 of 79    Document 57-1

Settlement Agreement; (5) Class Counsel's application for Attorneys' Fee Award and Costs should be approved; and (6) the Class Representatives' requests for Service Awards should be approved.

40.     Class Counsel's shall file a motion an Attorneys' Fee Award and Costs and Class Representatives' requests for Service Awards on or before twenty-one (21) days prior to the Objection Deadline.

41.     Class Counsel's shall file a motion for Final Approval and Judgment of the Settlement no later than fourteen (14) days prior to the date of the Final Approval Hearing.

## **TERMINATION**

42.     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with paragraph 10 of the Settlement Agreement.

43.     In the event the Settlement is terminated, the Parties to the Settlement Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of the Settlement Agreement, and, except as otherwise expressly provided in the Settlement Agreement, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Settlement Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

44.     In the event the Settlement Agreement is terminated, then the Settlement shall become null and void (with the exception of Sections 3.12, 3.13, 10.5, and 10.6) and shall have no legal effect and may never be mentioned at trial or in dispositive or class motions or motion papers

(except as necessary to explain the timing of the procedural history of the Action), and the Parties will return to their respective positions existing immediately before the execution of the Settlement Agreement.

45.     In the event the Settlement Agreement is not approved by any court, or is terminated for any reason, or if the Settlement set forth in the Settlement Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with the Settlement or the Settlement Agreement, except that each Party shall bear its own attorneys' fees and costs.

46.     In the event the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever (except as necessary to explain the timing of the procedural history of the Action).

47.     This order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Forefront of any fault, wrongdoing, breach, liability, or the certifiability of any class.

## SUMMARY OF DEADLINES

48.     The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Defendant's CAFA Notice Deadline | 10 days after Settlement Agreement is filed with Court |
| Notice Date | No later than 35 days after entry of the Preliminary Approval Order |
| Deadline for Class Members to Opt-Out of Settlement | 75 days after Notice Date |
| Deadline for Class Members to Object to Settlement | 75 days after Notice Date |
| Deadline for Class Members to Submit Timely, Valid Claims for Monetary Relief | 90 days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval and Judgment | No later than 14 days prior to the date of the Final Approval Hearing |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Expenses and Service Awards for Class Representatives | On or before 21 days prior to the Objection Deadline |
| Final Approval Hearing | |

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _____, 202_

_____
HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE

# Exhibit F

**As a Result of the FOREFRONT RANSOMWARE ATTACK, You Can Get Cash or Credit Monitoring and Insurance Services to Protect Your Information.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**This is NOT a Claim Form.**

**For more information about the Settlement and how to file a Claim Form visit or call:**

www.forefrontsettlement.com

1-888-888-8888

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web www.forefrontsettlement.com.*

*In re Forefront Data Breach Litigation,*
P.O. Box _____

_____, __ _____

Forwarding Service Requested

Postal Service: Please do not mark barcode
Claim No.:

[CLAIMANT INFO]

---

A proposed Settlement arising out of a ransomware attack has been reached with Forefront Dermatology, S.C. and Forefront Management, LLC (together, "Forefront"). In May 2021, cyber criminals attempted to illegally access information stored on Forefront's IT network. As a result, Personal Information of millions of individuals who are or were patients, employees, or otherwise affiliated with Forefront may have been accessed (the "Attack" or "Ransomware Attack"). Impacted Personal Information may have included names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), drivers' license information, tax records, bank account and routing information, and other personally identifying information, as well as information used to process health insurance claims, prescription information, medical records and data, and other personal health information. Forefront has no evidence that patient Social Security numbers, driver's license numbers, or financial account/payment card information were involved.

**Who is Included?** The Court decided that Class Members include all natural persons who are residents of the United States whose Personal Information was potentially compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack.

**What does the Settlement Provide?** The Settlement establishes a $3.75 million Settlement Fund to be used to pay for Credit Monitoring and Insurance Services, Documented Loss Payments for reimbursement of Documented Losses, Lost Time Payments for efforts undertaken to prevent or mitigate fraud and identity theft related to the Ransomware Attack, or Cash Fund Payments to valid claimants; costs of Notice and administration; Service Awards to the Class Representatives; and attorneys' fees, costs, and expenses. Also, Forefront has agreed to undertake certain remedial measures and enhanced data security measures. Claimants may select one or all of the following: Credit Monitoring and Insurance Services, Documented Loss Payments, and/or Lost Time Payments; or, in the alternative, a Cash Fund Payment, which will be made from the Fund in the following order:

**Credit Monitoring and Insurance Services** – two years of Credit Monitoring and Insurance Services.

**Documented Loss Payments** – reimbursement for certain Documented Losses, i.e., money spent or lost, as a result of the Forefront Ransomware Attack (up to $10,000), not otherwise reimbursable by insurance.

**Lost Time Payments** – reimbursement for lost time related to efforts undertaken to prevent or mitigate fraud and identity theft following the announcement of the Ransomware Attack (up to $125 per Class Member).

**Cash Fund Payments** – **in the alternative** you may submit a Cash Fund Payment claim for a cash payment, in an amount to be determined consistent with the Settlement, if you do not make a claim for a Documented Loss Payment, Lost Time Payment or Credit Monitoring.

All payments may be increased or reduced *pro rata* depending on the number of Class Members that participate in the Settlement.

**How To Get Benefits:** You must complete and file a Claim Form online or by mail postmarked by **Month XX, 202X**, including required documentation. You can file your claim online at **www.forefrontsettlement.com**. You may also get a paper Claim Form at the website, or by calling the toll-free number, and submit by mail.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month XX, 202X**. If you do not exclude yourself, you will release any claims you may have against Forefront or Released Parties (as defined in the Settlement Agreement) related to the Forefront Ransomware Attack, as more fully described in the Settlement Agreement, available at the settlement website. If you do not exclude yourself, you may object to the Settlement by **Month XX, 202X**.

**The Final Approval Hearing.** The Court has scheduled a hearing in this case (*In re Forefront Data Breach Litigation*, Case No. 1:21-cv-00887-LA (E.D. Wis.)) for **Month XX, 2022**, to consider: whether to approve the Settlement, Service Awards, attorneys' fees and expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but are not required to do so.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at **www.forefrontsettlement.com**, or by calling toll free 1-888-888-8888.

# As a Result of the FOREFRONT RANSOMWARE ATTACK, You Can Get Cash or Credit Monitoring and Insurance Services to Protect Your Information.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

*Para una notificación en Español, llamar 1-888-888-8888 o visitar nuestro sitio web www.forefrontsettlement.com.*

## Click <u>here</u> to file a claim by Month XX, 202X.

A proposed Settlement arising out of a ransomware attack has been reached with Forefront Dermatology, S.C. and Forefront Management, LLC (together, "Forefront"). In May 2021, cyber criminals attempted to illegally access information stored on Forefront's IT network. As a result, Personal Information of millions of individuals who are or were patients, employees, or otherwise affiliated with Forefront may have been accessed (the "Attack" or "Ransomware Attack"). Impacted Personal Information may have included names, email addresses, phone numbers, home addresses, dates of birth, Social Security numbers (SSN), drivers' license information, tax records, bank account and routing information, and other personally identifying information, as well as information used to process health insurance claims, prescription information, medical records and data, and other personal health information. Forefront has no evidence that patient Social Security numbers, driver's license numbers, or financial account/payment card information were involved.

**<u>Who is Included?</u>** The Court decided that Class Members include all natural persons who are residents of the United States whose Personal Information was potentially compromised in the Ransomware Attack and were sent, either by U.S. Mail or e-mail, notice by Forefront that their Personal Information may have been compromised in the Ransomware Attack.

**<u>What does the Settlement Provide?</u>** The Settlement establishes a $3.75 million Settlement Fund to be used to pay for Credit Monitoring and Insurance Services, Documented Loss Payments for reimbursement of Documented Losses, Lost Time Payments for efforts undertaken to prevent or mitigate fraud and identity theft related to the Ransomware Attack, or Cash Fund Payments to valid claimants; costs of Notice and administration; Service Awards to the Class Representatives; and attorneys' fees, costs, and expenses. Also, Forefront has agreed to undertake certain remedial measures and enhanced data security measures. Claimants may select one or all of the following: Credit Monitoring and Insurance Services, Documented Loss Payments, and/or Lost Time Payments; or, in the alternative, a Cash Fund Payment, which will be made from the Fund in the following order:

**<u>Credit Monitoring and Insurance Services</u>** – two years of Credit Monitoring and Insurance Services.

**<u>Documented Loss Payments</u>** – reimbursement for certain Documented Losses, i.e., money spent or lost, as a result of the Forefront Ransomware Attack (up to $10,000), not otherwise reimbursable by insurance.

**Lost Time Payments** – reimbursement for lost time related to efforts undertaken to prevent or mitigate fraud and identity theft following the announcement of the Ransomware Attack (up to $125 per Class Member).

**Cash Fund Payments – in the alternative** you may submit a Cash Fund Payment claim for a cash payment, in an amount to be determined consistent with the Settlement, if you do not make a claim for a Documented Loss Payment, Lost Time Payment or Credit Monitoring.

All payments may be increased or reduced *pro rata* depending on the number of Class Members that participate in the Settlement.

**How To Get Benefits:** You must complete and file a Claim Form online or by mail postmarked by **Month XX, 202X**, including required documentation. You can file your claim online at **www.forefrontsettlement.com**. You may also get a paper Claim Form at the website, or by calling the toll-free number, and submit by mail.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month XX, 202X**. If you do not exclude yourself, you will release any claims you may have against Forefront or Released Parties (as defined in the Settlement Agreement) related to the Forefront Ransomware Attack, as more fully described in the Settlement Agreement, available at the settlement website. If you do not exclude yourself, you may object to the Settlement by **Month XX, 202X**.

**The Final Approval Hearing.** The Court has scheduled a hearing in this case (*In re Forefront Data Breach Litigation*, Case No. 1:21-cv-00887-LA (E.D. Wis.)) for **Month XX, 2022**, to consider: whether to approve the Settlement, Service Awards, attorneys' fees and expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but you are not required to do so.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and Settlement Agreement are available at **www.forefrontsettlement.com**, or by calling toll free 1-888-888-8888.